**In re JUNG HWA KIM, Debtor.**

**Bankruptcy No. 83–00575.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 12, 1985.

Enver W. Painter, Honolulu, Hawaii, for debtor.

A. Peter Howell, Honolulu, Hawaii, for claimant.

FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER RE PROOF
OF CLAIM FOR EDWARD KIM

JON J. CHINEN, Bankruptcy Judge.

On November 25, 1983, Jung Hwa Kim, ("Debtor") filed for relief pursuant to Chapter 13, Title 11, U.S.C. On February 15, 1984, Edward Y.N. Kim, ("Claimant") filed a Proof of Claim in the unsecured amount of Thirteen Thousand Six Hundred Fifty Dollars and no/100 ($13,650.00). Debtor filed an objection to Claimant's Proof of Claim on February 29, 1984.

The matter of amount due claimant, if any, came on regularly for trial without a jury on November 27, 1984 and November 28, 1984, before the undersigned bankruptcy judge. Claimant having been represented by Peter A. Howell, Esq., and Debtor, Jung Hwa Kim, having been represented by Enver W. Painter, Jr., Esq., and the Court, having heard the testimony of the witnesses and having reviewed the evidence presented by the parties hereto, hereby enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This case arises out of an Amended Claim filed June 8, 1984 by Edward Y.N. Kim, ("Claimant"), an attorney. Claimant filed the Amended Claim against his former client, Jung Hwa Kim, ("Debtor") for the balance allegedly due him of $13,650.03 for attorneys fees and costs in representing her in connection with a suit filed in the First Circuit Court, State of Hawaii, Civil No. 57441, *Jung Hwa Kim v. Luke & Luke Realty Inc., et al.* The facts in the instant claim are the same as those in the civil suit, *Edward Y.N. Kim v. Jung Hwa Kim,* Civil No. 66602 filed in the First Circuit Court.

2. On October 8, 1978, the Debtor and Alan B. Kruse ("Kruse"), as trustee under an irrevocable trust, signed a Deposit, Receipt, Offer and Acceptance ("DROA") whereby Kruse agreed to sell to Debtor a condominium apartment known as Penthouse B at 1535 Punahou Street, in Honolulu, Hawaii.

3. Kruse breached the agreement under the DROA by refusing to deliver title to Debtor. As a result, in December of 1978, Debtor contacted Claimant with respect to legal representation in enforcing the aforementioned DROA.

4. Claimant and Debtor did not execute a written fee agreement nor did they initially discuss the issue of Claimant's fees.

5. Several days later, the parties discussed the case again and Claimant agreed to represent Debtor in an action for specific performance under the DROA and was paid an initial retainer of One Thousand Five Hundred Dollars and no/100 ($1,500.00).

6. Subsequently, Claimant requested Debtor to pay an additional Three Thousand Dollars and no/100 ($3,000.00) for costs of suit. The Debtor paid this amount to Claimant.

7. Between December 1978 and the time of trial, December 1980, Debtor, on several occasions inquired about the issue of fees and was advised by Claimant not to worry about the fees.

8. Claimant never billed Debtor for any fees incurred from the time of the initial conference in December 1978 until after the successful completion of the litigation.

9. The trial in Civil No. 57441 was held on December 8, 9 and 10, 1980. Thereafter, before the ruling by the Court, on January 27, 1981, Claimant billed the Debtor $20,000.00 for attorney's fees, less $4,000.00 received as a retainer, leaving a balance due of $16,000.00 plus 4% tax of $640.00, plus costs of $835.97, for a total of $17,475.97.

10. After receiving this bill, the Debtor and a friend, Harry Thompson, went to Claimant's office to discuss the fee. According to Claimant, Debtor had no objection to his fee. However, Debtor denies this.

11. On February 3, 1981, the State Court entered its Findings of Fact and Conclusions of Law and Judgment in Debtor's favor in which the Court granted Debtor's prayer for specific performance, dismissed

defendant's counterclaim for damages for breach of contract and awarded Debtor reasonable attorney's fees and costs of suit, which costs totalled $1,152.61.

12. On February 9, 1981, Claimant filed a Motion to Set Attorney's Fees in Civil No. 57441 in which he requested fees in the amount of $22,337.50 for services rendered from December 1978 through and including February 3, 1981. Attached to the motion were Applicant's time sheets and affidavit. The Defendant objected to the granting of both the attorney's fees and costs.

13. By letter to Claimant, dated February 12, 1981, Debtor requested a breakdown of the amount of his legal services and, although she expressed appreciation for his services and for the result of the trial, she was taken aback by the size of the bill sent to her.

14. Following a hearing on the Motion to Set Attorney's Fees in the State Court, on March 10, 1981, the Court issued an Order Amending Bill of Costs reducing the award of fees from $1,152.61 to $910.61. And, on March 10, 1981, the Court also issued a separate Order Granting Attorney's Fees wherein Debtor's attorney was awarded "25% of the requested attorney's fees of $22,337.50 or the sum of $5,584.38."

15. On March 13, 1981, Claimant re-billed Debtor as follows:

| | | |
|---|---|---|
| Attorneys Fees | $22,337.50 | |
| 4% State Tax | 893.50 | $23,231.00 |
| Less: | | |
| Retainer and costs received on account | $ 4,537.64 | |
| Fees allowed by Court | 5,584.38 | (−)10,122.01 |
| Balance of Fees Due | | |
| Add: Costs Advanced | $ 1,451.66 | |
| Less: Costs allowed by Court | 910.61 | 541.05 |
| Net Due: | | $13,650.03 |

As of this time, Claimant had not yet provided Debtor with a detailed break-down of the services rendered and the costs incurred as requested by Debtor.

16. Although Claimant believed that Debtor was entitled to additional attorney's fees from Kruse in the State Court action, he failed to move for reconsideration or other relief from the order granting fees and costs.

17. After several requests by Debtor and after the Claimant filed suit in the State Court on July 23, 1981 to recover $13,650.03 fees from Debtor (Civil No. 66602), Claimant finally filed a breakdown of the fees.

18. Following the completion of the successful trial, Debtor insisted she was entitled to two parking stalls. Even though the DROA called for one parking stall, Claimant reviewed the HPR documents to satisfy Debtor. In addition, Claimant had to prepare for the appeal which had been filed, but which was later not pursued by Kruse.

18a. Thereafter, Debtor discharged Claimant as her attorney and hired new counsel to represent her to resist Claimant's claim for the balance of his fees.

19. On July 23, 1981, Claimant sued Debtor in Circuit Court in Civil 66602 as above described. Shortly before trial, the Debtor filed these proceedings in this Court which stayed the Circuit Court proceedings.

20. On February 15, 1984, Claimant filed a Proof of Claim in these proceedings. On June 8, 1984, he filed an Amended Proof of Claim and, on June 13, 1984, he filed a Supplemental Proof of Claim attaching a Schedule of his services rendered in Civil No. 57441, together with a copy of his bill to Debtor dated March 13, 1981 for $13,650.03. The schedule of services is identical to that filed by Claimant with his Motion to Set Attorney's Fees in Civil No. 66602, in which Claimant requested $22,-337.50 but was awarded $5,584.38.

21. This claim for $13,650.03 is premised on two alternative theories: (a) that when Debtor authorized and instructed Claimant to seek specific performance of the DROA so that she could have the apartment conveyed to her, she, in fact, expressly or impliedly agreed to pay his fee which he then estimated to be $20,000; or (b) if the Court cannot find an express or implied contract in fact to pay his fee, then the law implies a promise to pay and he is entitled to recover the reasonable value thereof in

*quantum meruit;* otherwise, she would be unjustly enriched at his expense.

21a. On the other hand, Debtor's position is that her attorney was to be paid only out of what she advanced him during the course of the proceedings—about $4,500—plus whatever he could recover from any award of attorneys fees the Court might render against Kruse and that she owes him nothing more. She concedes that he performed his agreement with her to obtain the apartment and that the result was successful.

## CONCLUSIONS OF LAW

This is the second engagement of Claimant by Debtor for legal services. In the first employment involving a transfer of the Horseman's Bar, the Debtor did not pay Claimant's fees, which were paid by the other party to the transaction.

In the instant case, Claimant explained to Debtor that she may proceed to obtain the apartment or seek damages for breach of contract on the part of Kruse. Claimant further explained that, if she sought damages only, Claimant will also seek the attorney's fees and costs from Kruse, but that if she sought specific performance, she was responsible for his fees, which was estimated at $20,000.00. Because Debtor believed that the apartment which she had agreed to purchase in 1978 for $124,000.00 had increased in 1981 to over $200,000.00, she wanted the apartment.

The litigation was not simple, but complicated, taking three days of trial. Kruse, not only resisted Debtor's claim for specific performance but counter-claimed for $420,000.00 damages, claiming that Debtor was unable to perform and breached the contract. Because of his thorough preparation and skillful advocacy, claimant was successful in obtaining the apartment for Debtor and resisting the counter-claim of Kruse. Claimant was concerned about Debtor's ability to perform because, after executing the DROA in 1978 to purchase the Punahou Street Apartment, Debtor acquired another apartment on Wilder Street.

Where Debtor or Debtor's estate is to pay an attorney's fees, it is the responsibility of the attorney to justify his fees. The Bankruptcy Court requires the attorney to provide the court with time sheets that clearly set forth in detail the type of service rendered and the time spent for each service. As was stated in *In re Horn & Hardart Baking Co.,* 30 B.R. 938 at 944 (Bankr.E.D.Pa.1983).

> The Court should not be required to indulge in guesswork, nor undertake extensive labor to justify a fee for an attorney who has not done so himself. We do not find it to be an unbearable burden to require an attorney seeking compensation to enlighten the court as to the nature of his toil and the relation it bears to the matter at hand. Absent such a statement, compensation may not be allowed.

And, in *In re Nation Ruskin, Inc.,* 22 B.R. 207, 210 (Bkrtcy.E.D.Pa.1982), the Court stated:

> General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service is not acceptable for the court's inspection and evaluation.

After several requests for detailed time-sheets, both by Debtor and by the Court, Claimant through counsel submitted time-sheets which, among others, showed 75 hours spent for trial preparation, research and interviewing witnesses. This is called "lumping" and courts have consistently found it inadequate. *In re Horn & Hardart Banking Co.,* 30 B.R. 938; *In re Nation Ruskin, Inc.,* 22 B.R. 207. Thus, this court is compelled to deduct 75 hours from the 178.7 hours submitted by Claimant, leaving a balance of 103.7 hours as compensable.

103.7 hours at $125 per hour shows that claimant is entitled to $12,962.50. However, the State Circuit Court, based on the same break-down of time submitted by Claimant, after a hearing, awarded Claimant $5,584.38. This court is bound by the decision of the State Court and declines to act as an appellate court. The objection is

sustained, and the court finds that Debtor does not owe Claimant any additional sum on this original time break-down.

However, subsequent to the conclusion of the litigation in the state court, at the request of Debtor, Claimant did an additional 14 hours of work with reference to the parking stalls and Notice of Appeal filed on behalf of Kruse. Applicant had not previously filed for fees in any court for these 14 hours. The Court finds Applicant entitled to $125.00 per hour for the 14 hours, and thus awards Applicant the sum of $1750.00 plus Hawaii Excise Tax in the sum of $70.00.

IT IS HEREBY ORDERED that the proof of claim filed by Claimant is amended to indicate that the Claimant has an unsecured claim in the amount of $1750.00 plus Hawaii Excise Tax in the sum of $70.00.