**In re Harolyn ANDERSON, Debtor.**

**Richard M. ANDERSON, Appellant, Cross–Appellee,**

v.

**Harolyn ANDERSON, Appellee, Cross–Appellant,**

**and**

**John F. Bufe, Trustee, Appellee.**

**No. 90–4358.**

United States Court of Appeals, Fifth Circuit.

July 22, 1991.

Edwin Buckner, Jr., Sandlin & Buckner, Richard M. Anderson, Marshall, Tex., for appellant, cross-appellee.

Patrick Kelley, Ireland, Carroll & Kelly, Tyler, Tex., for Harolyn Anderson.

John F. Bufe, Potter, Guinn, Minton, Roberts & Davis, Tyler, Tex., pro se.

Before THORNBERRY, JOLLY and WIENER, Circuit Judges.

**PER CURIAM:**

Appellant, Cross–Appellee, Richard M. Anderson, attorney at law, appeals the district court's judgment affirming the bankruptcy court's award to him of attorney's fees in the amount of $82,500. The debtor and the trustee cross appeal. In light of the bankruptcy court's broad, equitable discretion in matters such as attorneys' fees, the judgment appealed from is affirmed.

## I.

This action arises out of the death of Norman Anderson (decedent), and the subsequent involuntary bankruptcy of his estate and of his surviving spouse, Harolyn Anderson (Harolyn). The bankruptcy proceedings against Harolyn were initiated in November of 1984. At that time, Harolyn engaged Paul Anderson (Paul), a relative of decedent, to represent her in the bankruptcy and related civil actions for the proceeds of certain insurance policies insuring the life of decedent, all on a one-third contingency fee. Paul in turn hired his attorney son, Richard Anderson (Richard), to assist in the prosecution of the various suits and other matters in the bankruptcy proceedings. Paul and Richard did not normally practice law together. Richard actively represented Harolyn in the various actions from November of 1984 until September of 1986 when he was elected to the Texas State Senate. From that time on Richard had little active participation in Harolyn's legal matters.

In 1987, Harolyn voluntarily converted her case into Chapter 11. The Chapter 7 trustee continued to serve as a Chapter 11 trustee. In 1988, the bankruptcy court granted Harolyn's application to employ Richard as special counsel *nunc pro tunc.* In 1989 the civil litigation was substantially settled and Richard filed two applications for attorney's fees. He sought a total fee of $318,830 claiming 1,478.4 hours of services at an hourly rate of $150, plus an enhancement of 50% based on the quality of the services he provided.

Thereafter, Richard disclosed that, early on, he had received a $10,000 payment from Harolyn for his services. It is uncon-

troverted that Richard had received this sum from the bankruptcy estate before Harolyn applied for employment of counsel *nunc pro tunc*, and that the payment was not disclosed at that time but was made without prior notification or approval of the bankruptcy court. Richard claims that he received the payment from Paul, his father, and that he (Richard) was not aware that the payment was derived from the bankruptcy estate. Richard asserts that he became aware of that payment's origin at a later hearing in the bankruptcy court.

The bankruptcy court found that (1) Richard had not been approved as attorney for debtor and had not sought court approval at the time the $10,000 payment was made as contemplated by 11 U.S.C. § 329 and Bankruptcy Rule 2016; (2) Richard had no particular expertise in bankruptcy law; and (3) Richard's time records supporting his fee application were not prepared contemporaneously and were not credible. The bankruptcy court ruled Richard's application deficient under the criteria this court set out in *In the Matter of First Colonial*, 544 F.2d 1291 (5th Cir.1977) for reasons including (1) failure to serve the United States Trustee, (2) failure to obtain court approval of employment, (3) excessive hourly rates, (4) batching description of services, (5) excessive time for work as described, (6) unclear benefit of the estate, (7) charging full rate for travel, (8) charging overhead items as attorney's fees, (9) excessive time on fee applications, and (10) failure to explain services rendered in sufficient detail. These deficiencies were present throughout the fee application.

In spite of the deficiencies and violations of the Bankruptcy Code and Rules, the bankruptcy court determined that Richard should be compensated for some of the time he had expended on Harolyn's behalf. The court awarded Richard the net sum of $72,500, representing $82,500 for 550 hours of work at $150 per hour, minus the $10,000 he had previously been paid.

Richard appealed the bankruptcy court's award to the district court claiming, among other things, that the bankruptcy court lacked subject matter jurisdiction over Har-

olyn's case and that the bankruptcy court erred, both legally and factually, in determining his award. The trustee and Harolyn cross-appealed claiming that Richard was not entitled to *any* fee because of his violations of the Bankruptcy Code and Rules or, alternatively, that he was estopped from contesting the award on appeal because he had accepted payment of the award from the estate. The district court determined that the bankruptcy court had jurisdiction over the case *ab initio* and that any issue of jurisdiction was mooted by the 1987 voluntary conversion of the initial Chapter 7 proceedings to Chapter 11 proceedings. The district court also found that the award was not clearly erroneous, but did not address the issues of estoppel and per se bar raised by the trustee and Harolyn.

## II.

On appeal, Richard claims that the district court erred in determining that the bankruptcy court had jurisdiction over Harolyn's case and that the jurisdictional issue was not mooted by the conversion into Chapter 11. Richard also claims that the district court erred in not setting aside the bankruptcy court's award since the bankruptcy court did not apply the appropriate standards in determining his fees. The cross-appeal of the trustee and Harolyn raises the same issues they put before the district court, namely, whether the bankruptcy court was precluded from awarding Richard any fees at all and, in the alternative, whether Richard's acceptance of payment estops him from appealing the amount of the award.

 To the extent that Richard's appeal requires this court to examine the findings of fact of the bankruptcy court, as with the district court, we apply the clearly erroneous standard. *Mitsubishi International Corp. v. Clark Pipe & Supply Co., Inc.*, 735 F.2d 160, 163 (5th Cir.1984). Bankruptcy and district court conclusions of law are examined de novo.

## A. Jurisdiction.

■ Richard claims that the district court erred in ruling that the bankruptcy court had subject matter jurisdiction over Harolyn's case. His basic assertion is that because Harolyn did not meet the equity insolvency test for involuntary bankruptcy under 11 U.S.C. § 303(h)(1), the bankruptcy court did not have jurisdiction *ab initio* and thus ultimately did not have jurisdiction to adjudicate the bankruptcy or award fees at all. Richard bases his argument on a convoluted analysis of Texas property law which we need not recount here. He contends that the entire case should be remanded with instructions to transfer all creditors' claims to Texas probate court.

The district court characterized this argument as "daedal" and ruled that, "whatever the merits," Richard had failed to preserve the claim because there was no timely appeal from the bankruptcy court's Order of Relief in 1986, and that the voluntary conversion to Chapter 11 in 1987 essentially mooted the issue. The district court is correct.

After the involuntary petition was filed in 1984, Richard filed an initial answer pleading the insolvency issue. The bankruptcy court held the case pending evidence of Harolyn's insolvency. In August of 1986, the bankruptcy court entered its Order of Relief adjudicating her an involuntary bankrupt pursuant to 11 U.S.C. § 303. Richard failed to file a notice of appeal. A later motion to vacate the order was denied. In 1987, after Richard ceased active representation of Harolyn, she voluntarily converted her case to Chapter 11. As that voluntary conversion from Chapter 7 to Chapter 11 cured any possible defect the petition could have had under 11 U.S.C. § 303(h)(1), Richard's claim of lack of jurisdiction is meritless. *See Alpine Lumber and Nursery*, 13 B.R. 977, 979 (Bankr.S.D. Ca.1981).

## B. The Bankruptcy Court's Decision.

Richard also assigns as error the district court's conclusion that the amount of the bankruptcy court's award was not clearly erroneous. The trustee and Harolyn counter that the bankruptcy court's findings—that Richard's time records and testimony were not credible and that he had violated both the Bankruptcy Code and Rules by failing to seek approval of or report the payment of $10,000 from the estate—precluded the bankruptcy court from making any fee award whatsoever. Although the district court did not expressly address these contentions, it implicitly concluded that they were without merit when it affirmed the award.

■ While we review the bankruptcy court's findings of fact under the clearly erroneous standard, we review the ultimate award of fees under the abuse of discretion standard. *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1323 (5th Cir.1989). Applying those standards we conclude that the bankruptcy court's findings are not clearly erroneous and that the facts thus found do not establish that the court abused its discretion in the fee award it made.

### 1. The Bankruptcy Court's Determinations.

■ The bankruptcy court found that Richard violated § 329 of the Bankruptcy Code and Rule 2016 by failing to seek prior court approval or timely to disclose payment of $10,000 in fees rightfully part of the bankrupt's estate. Richard's response to these findings is the assertion that he received the payment not from the estate but from his co-counsel and father, Paul, so that prior disclosure and court approval were not necessary. This argument is unavailing. Both the bankruptcy court and the district court rejected this contention. We note, however, that even if Richard's contentions were accepted as true, he and his father, with whom he did not practice law but who hired him as an independent contractor, would have been in violation of § 504 of the Code which flatly prohibits the splitting of fees without prior court approval.[1]

---

**1.** The violation of § 504 was not argued to the district court and was not raised to this court.

The bankruptcy court also found Richard's testimony was not credible and that his records were inaccurate, inadequate and largely recreated. Richard contends that these findings are clear error. The district court fully examined Richard's protestation and found no error in the bankruptcy court's findings. Neither do we.

The bankruptcy court is in the best position to judge the credibility of any witness who testifies under oath before it, including an attorney-at-law. Moreover, the bankruptcy court is more familiar with the proceedings and is thus better equipped to determine deficiencies in the attorney's application for fees than either the district court or this court. The record confirms that there is no clear error in the findings of the bankruptcy court on this point. Richard represented himself before this court on oral argument and, after hearing his presentation, we remained disinclined to disturb the findings of the bankruptcy court or the district court in this regard, being reminded of the old adage—which does not bear repeating here—about the lawyer who represents himself.

2. The Bankruptcy Court's Fee Award.

Richard claims that the bankruptcy court failed to follow the procedures this court set out for determining fee awards in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), and *Matter of Lawler*, 807 F.2d 1207 (5th Cir.1987). And, as noted above, Harolyn and the trustee urge that the bankruptcy court erred in awarding any fees at all given its findings.

Under the facts and circumstances of this case, we would likely have affirmed a total disallowance of fees had the bankruptcy court so held. But, given the broad discretion of that court in such matters, we do not find an abuse of discretion in the grant of attorney's fees vel non or in the amount granted.

It is well established law that, absent compliance with the Bankruptcy Code and Rules, an attorney has no absolute right to an award of compensation. *E.g.*, *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1323 (5th Cir.1989); *In Re Chambers*, 76 B.R. 194 (Bankr.M.D.Fla. 1987); *In Re Lavender*, 48 B.R. 393, 397 (Bankr.W.D.Ark.1984), *aff'd* in *Lavender v. Wood Law Firm*, 785 F.2d 247 (8th Cir. 1986). This is particularly true when an attorney fails to seek prior approval of employment or fee distribution. *Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1254 (5th Cir.1986).

However, the bankruptcy court is one of equity and thus has broad equitable—and hence discretionary—powers to award attorney's fees. *Matter of Lawler*, 807 F.2d 1207, 1211 (5th Cir.1987). In *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1287 (5th Cir.1983), this court ruled that the bankruptcy court has the equitable authority to approve the employment of an attorney for a debtor in possession *nunc pro tunc* and, implicitly, to award attorney's fees, even though the attorney fails to seek prior court approval. In so holding, this court reasoned that an attorney providing services to a debtor in possession, who acts as trustee in preserving the estate for the benefit of the creditors, renders services of value to the estate and may be compensated even though the attorney has "neglected to secure prior approval...." *Id.* at 1287. Admittedly, in *Triangle Chemicals* we implicitly distinguished between an attorney's services provided to the debtor-in-possession in aid of the estate and those of an unauthorized attorney provided to a debtor in a Chapter 7 proceeding. Yet we did not adopt a per se rule which would absolutely prohibit an award of fees in the latter instance.

We recognize that the debtor in a Chapter 7 proceeding does not have possession or control over the assets of the estate, so the equities involved in awarding attorney's fees in the absence of strict compliance with the Code and Rules are altered. Not enough, however, to strip the bankruptcy court of all discretion to award attorney's fees if it should determine that the services of the previously unauthorized attorney inured at least in part to the benefit of the estate and creditors.

■ In most Chapter 7 proceedings, the debtor's attorney will be providing services personal to the debtor and not for preservation of the estate. Thus, although provided for under the Code, an award of fees from the estate for services rendered to the debtor personally inevitably reduces the assets available for distribution to the creditors for whose benefit the estate is held. Under such circumstances, the bankruptcy court has a lesser degree of discretion to award fees but is not completely shackled by a per se prohibition.

In the case before us, the bankruptcy court was correct in finding that Richard had violated the Code and Rules. Further, that court was not clearly erroneous in finding that Richard's testimony and records were deficient and not credible. Richard provided his primary services when the debtor was in Chapter 7. At the time that the debtor converted to Chapter 11, Richard was providing only nominal services. Although the bankruptcy court made no express findings that the services Richard provided to Harolyn during her sojourn in Chapter 7 were also of value to the estate, it did so implicitly when it awarded fees to Richard in an amount approximating only one-fourth of the total he claimed.

### III.

### CONCLUSION

■ In this case the bankruptcy court was intimately familiar with all that transpired throughout the course of the proceedings and was in a unique position to determine both the facts and the equities. That court had the best sense of the case of any of the courts to consider it, and was situated at a particularly good vantage point to determine which if any of Richard's legal services inured to the benefit of the estate. The bankruptcy court would have been fully within its rights to deny Richard any attorney's fees whatsoever in light of his acceptance of the $10,000 fee without prior approval or notice to the bankruptcy court. But, given the broad equitable discretion vested in the bankruptcy court, its award in this case is neither clearly erroneous nor an abuse of discretion. Although we respect the distinction between the Chapter 11 and Chapter 7 situations implicit in our opinion in *Triangle Chemicals*, we reiterate our observation above that in *Triangle Chemicals*, we expressly rejected a *per se* rule that would eliminate totally the discretion of the bankruptcy judge in awarding attorney's fees under such unusual circumstances. *Triangle Chemicals* did not expressly distinguish Chapter 11 from Chapter 7 cases, doing so only inferentially. Clearly, there are distinctions between Chapter 7 and Chapter 11 cases in terms of preserving the estate for other creditors. Nevertheless, *Triangle Chemicals* remains rooted in the equitable principle that if the bankruptcy court determines that the attorney has benefited both the debtor and the estate, that court has the discretion to award fees to such attorney even though the situation arises in a Chapter 7 proceeding. Albeit the circumstances are rare, both the debtor and the estate clearly may benefit from the attorney's services in a Chapter 7 case.

Given the degree of articulation in support of the amount of the award to Richard, we reject his claim that the bankruptcy court failed properly to determine the amount of his award. Candidly, he is fortunate to have received any award under the circumstances. Likewise, because we affirm without increase the amount of the award given to Richard by the bankruptcy court, we need not address the alternative theory of estoppel espoused by Harolyn and the trustee in their appeal.

■ The bankruptcy court had subject matter jurisdiction pursuant to the voluntary conversion of this case from Chapter 7 to Chapter 11. The bankruptcy judge has broad discretion, including employing an attorney *nun pro tunc*. Although Richard failed to comply with the Bankruptcy Code and Rules regarding employment and fees, we decline to adopt a per se rule that a Chapter 7 attorney may never be employed *nunc pro tunc* or be awarded fees retroactively. Whether the attorney's failure to comply with the Code and Rules was inadvertent or deliberate is a matter best left to

the determination and discretion of the bankruptcy judge. Accordingly, because the bankruptcy judge's findings of fact were not clearly erroneous and his award of attorney's fees did not constitute an abuse of discretion, the judgment of the district court, confirming that of the bankruptcy court, is AFFIRMED.