**In re MAUI 14K, LTD., Debtor.**

**Bankruptcy No. 90–00528.**

United States Bankruptcy Court, D. Hawaii.

Nov. 7, 1991.

---

Curtis Ching, Honolulu, Hawaii, for plaintiff.

Ryther Barbin, Wailuku, Hawaii, for defendant.

## MEMORANDUM DECISION AND ORDER RE: MOTION TO DISGORGE RETAINER

JON J. CHINEN, Bankruptcy Judge.

On August 29, 1991, the Office of the United States Trustee ("OUST") filed its Motion to Disgorge Retainer, seeking an order requiring the Debtor's attorney, Ryther Barbin ("Applicant") to disgorge his retainer received for this bankruptcy case. Applicant filed a Memorandum Objecting and in Opposition to Motion to Disgorge Retainer ("Memo in Opposition") on October 15, 1991. A hearing was held on October 16, 1991, at which time Curtis Ching, Esq. appeared on behalf of OUST and Ryther Barbin, Esq. appeared on his own behalf. The Court, being advised in the premises, now renders this memorandum decision and order.

This case commenced on July 30, 1990, with the filing of a Voluntary Petition under Chapter 11 of the Bankruptcy Code ("Code"). Prior to the bankruptcy filing, Applicant apparently represented the Debtor in non-bankruptcy matters. Importantly, the Debtor's counsel participated in arranging a setoff between the Debtor and the Debtor's principal, Kenneth Heit ("Heit") just 60 days prior to the bankruptcy filing. Although this setoff between the Debtor and Heit involved over $117,000 and was allegedly prepared in the Applicant's office, the transaction was not mentioned in the Statement of Financial Affairs, including the paragraph specifically inquiring about setoffs. In fact, the setoff was never mentioned at all until after the case was converted to Chapter 7 when OUST began inquiring about debts Heit owed to the corporation. Only then did Heit acknowledge the existence of the alleged prepetition setoff.

In his application to employ himself as attorney for the Debtor filed on October 1, 1990, Applicant stated in relevant part,

"[t]o the best of the Debtor's knowledge, Ryther L. Barbin ... [has] no connection with the Debtor, creditors, or any other party in interest, or its respective attorneys, other than previously representing the Debtor in filing the initial pleadings, and in matters preliminary hereto." The application also included an affidavit by Applicant which states,

2. That Affiant has no connection with Maui 14K, Ltd., Debtor-in-possession herein, or with its creditors, except in regard to the representation of debtor-in-possession in these proceedings.

3. That Affiant has no interest adverse to the estate herein and is a disinterested person in regard to matters for which he is engaged.

4. Affiant has represented Debtor in these proceedings and has advised Debtor with respect to these proceedings *from July 30, 1991.*

Affidavit of Ryther L. Barbin, (emphasis added).

However, as his participation in the setoffs demonstrates, Applicant did have dealings with the Debtor outside of and prior to the bankruptcy filing. In fact, in his Memo in Opposition, Applicant acknowledges that he was first contacted by Heit in approximately August of 1989, almost a year prior to the filing of the petition.

In addition, while documents attached to the schedules acknowledge a $15,000 retainer, the application to employ makes no mention of this retainer. It also appears that Applicant has received at least three additional payments which were never disclosed. The Debtor paid Applicant $583.98 on April 8, 1990, $919.99 on May 23, 1990, and $681.14 on July 16, 1990.

On April 30, 1991, this case was converted to Chapter 7. Robert Matsumoto was appointed Chapter 7 Trustee. The trustee has hired counsel to recover the preferential setoffs to Heit made prior to the petition.

■ In most circumstances, the principal shareholder and the Debtor corporation have the same objective, namely to rehabilitate the financially strapped Debtor. Thus,

in such circumstances, the same attorney may represent both the Debtor corporation and its principal shareholder. However, often times, the facts show that there is a conflict or potential conflict between the principal shareholder and the Debtor corporation; in such an instance, an attorney cannot adequately represent both. For, no matter how brilliant he or she may be, an attorney cannot properly represent two clients with directly competing interest. *In re South Pacific Island Airways,* 68 B.R. 574 (Bkrtcy.D.HI 1986).

Section 328(c) of the Bankruptcy Code states in relevant part:

Except as provided in § 327(c), 327(e) or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under § 327 ... if, any time during such professional person's employment under § 327, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

This subsection authorizes the court to deny compensation for services where the professional is in conflict. *In re 765 Associates,* 14 B.R. 449, 452 (Bankr.D.Haw. 1981).

As the United States Supreme Court stated in *Woods v. City National Trust Co. of Chicago,* 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941):

Furthermore, "reasonable compensation for services rendered" necessarily implies loyal and disinterested service in the interest of those for whom the claimant purported to act. *American United Mutual Life Ins. Co. v. City of Avon Park,* 311 U.S. 138[, 61 S.Ct. 157, 85 L.Ed. 91]. Where a claimant, who represented members of the investing public, was serving more than one master or was subject to conflicting interests, he should be denied compensation. It is no answer to say that fraud or unfairness were not shown to have resulted.... The bankruptcy court need not speculate as to whether the result of the conflict was to delay action where speed was

essential, to close the record of past transactions where publicity and investigation were needed, to compromise claims by inattention where vigilant assertion was necessary, or otherwise to dilute the undivided loyalty owed to those whom the claimant purported to represent. When an actual conflict of interest exists, no more need be shown in this type of case to support a denial of compensation.

11 U.S.C. § 329 states in relevant part,

(a) Any attorney representing a debtor in a case under this time, ... whether or not such attorney applies for compensation under this title, shall file with the court a statement of compensation paid or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may ... order the return of any such payment, to the extent excessive[.]

Federal Rules of Bankruptcy Procedure ("FRBP") Rule 2014 requires that an application for employment must state, "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest ... The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any party in interest, their respective attorneys and accountants."

■ Any professional that will seek fees from the Debtor's estate must disclose the terms of this compensation. *In re Martin*, 817 F.2d 175, 179–80 (1st Cir.1987). Applicant has an affirmative duty to disclose all of his connections with the debtor. *In re Film Ventures International*, 86 B.R. 80 (9th Cir. BAP 1987). If the debtor neglects to make proper disclosure, he performs services at peril of not being compensated. *In re Whitman*, 51 B.R. 502, 503 (Bankr.D.Mass.1985). The disclosure requirements work in concert with the

Court's authority to rule on the propriety of legal fees. *See* 11 U.S.C. § 330. The purpose of the disclosure requirements is to prevent overreaching by attorneys of the debtor. *In re Walters*, 868 F.2d 665, 668 (4th Cir.1989). The burden is on the applicant to make full, candid and complete disclosure; negligent omissions do not vitiate the failure to disclose. *In re Gire*, 107 B.R. 739 (Bankr.E.D.Cal.1989). Denial of all compensation is justified regardless of actual harm to the estate. *In re Futuronics Corp.*, 655 F.2d 463 (2d Cir.1981).

■ In the present case, the Debtor's attorney failed to disclose his pre-petition relationship with the Debtor and/or its principal, Heit. At the meeting of creditors for the Chapter 7 conversion held on July 10, 1991, Heit and Applicant testified that they had collaborated on a $117,000 setoff between the Debtor and Heit just 60 days prior to the bankruptcy filing. It is not clear whether Applicant was representing the Debtor or Heit or both. But in his application to employ, Applicant failed to mention his representation of either party in this nonbankruptcy matter.

In addition, the Debtor's Application to Employ Attorney failed to disclose the payment of the $15,000 retainer to its counsel. Even though the $15,000 retainer was mentioned in documents accompanying the Debtor's schedules, that does not vitiate the necessity of disclosing the retainer in the Application to Employ. It should not be the Court's burden to search through the file to find all relevant facts relating to the Debtor's Motion to Employ.

Even assuming that the $15,000 retainer was properly disclosed, there were at least three additional payments made to the Debtor's attorney which were never revealed in any court documents. Pursuant to the well-established statutory and case law, the failure to disclose all connections with the Debtor and the failure to disclose all payments received from the Debtor warrant a denial of all fees and disgorgement of any prepetition retainer. The Debtor's attorney has never previously filed an application for fees, and the Court has never approved any fees. Since the Debtor's at-

torney failed to disclose his prepetition connections with the Debtor and/or Heit either at the time of filing his application for employment or in any fee application or in his statement required under § 329, denial of compensation is the appropriate remedy. *In re Flying E. Ranch Co.*, 81 B.R. 633, 637 (Bankr.D.C.Colo.1988). Based on the failure to disclose his relationship with the Debtor and/or Heit and the failure to disclose all fees received as required by the Code, the Debtor's counsel has failed to meet his burden of establishing his right to retain the $15,000.00.

 Section 329(b) states that, "If [debtor's attorney's] compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment to the extent excessive[.]" *See also* FRBP Rule 2017(a). Where the estate is to pay fees, it is the responsibility of the professional to justify those fees. *In re Kim*, 54 B.R. 235, 238 (Bankr.D.Haw.1985).

Applicant argues that the services that he performed from August 1989 through July 1990 were more in the nature of financial consultation and not legal services. Even if this is true, however, it does not obviate the need for a full and complete disclosure of the Applicant's relationship to the Debtor. Neither 11 U.S.C. § 327 or FRBP 2014 limit disclosure to legal services performed.

The Applicant in the present case has caused great inconvenience to the estate. According to the testimony at the meeting of creditors, the Applicant participated in a setoff just prior to the filing of the bankruptcy between the Debtor and the Debtor's principal, Heit. The alleged setoff was for $117,000.00. Although this alleged setoff occurred only 60 days prior to the bankruptcy filing and involved $117,000.00, there is no mention of this transaction in the Debtor's Statement of Financial Affairs. In the paragraph which specifically asks about setoffs within the last year, the response is "none". In addition, the Applicant continually defended Debtor's practice of paying for numerous personal loans of Heit. The Chapter 7 trustee has been forced to hire special counsel to file a lawsuit to avoid the setoff and recover the payments on the personal loans. Pursuing these improper transactions will cause great expense to the estate in the form of legal fees. Under these circumstances, where the Applicant claimed to have no prior relation to the Debtor other than for the bankruptcy proceeding and then aided in a setoff and failed to disclose this setoff to the Court, disgorgement of legal fees is clearly warranted.

Applicant argues that the set-off was done for valid reasons, and that at the time it occurred, the filing of bankruptcy was not considered imminent. However, as soon as this petition was filed, Applicant, as the attorney for the estate, should have commenced a proceeding to recover the preferential transfers. Applicant himself acknowledged that, when this petition was filed, the financial situation was such that a Plan of Reorganization could not be filed.

Based on the above,

IT IS HEREBY ORDERED that the Motion for Disgorgement is granted and Applicant shall repay to the estate all funds received from the Debtor including the retainer herein.