981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William LAXAGUE; In re Frieda Laxague, Debtors.
Richard R. MURPHY, Appellant,
v.
William J. CONNOLLY, Appellee.
 No. 91-15269.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1992.*
Decided Dec. 22, 1992.
 
 Before GOODWIN, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Murphy appeals the decision of the Bankruptcy Appellate Panel affirming an order disqualifying him as special counsel for Debtors William and Frieda Laxague and disgorging a $25,000 retainer received from William J. Connolly for legal services rendered to Connolly in connection with the Laxagues' Chapter 11 case. We have jurisdiction pursuant to 28 U.S.C. § 158, and we affirm.
 
 
 3
 Section 329(a) of the Bankruptcy Code provides that any attorney representing a debtor "shall file with the court a statement of the compensation paid or agreed to be paid." 11 U.S.C. § 329(a). "The failure of an attorney to disclose completely his connections with the Debtor is ground for denial of compensation wholly apart from the act of representing conflicting interests." In re Film Ventures Int'l, Inc., 75 B.R. 250, 252 (Bankr. 9th Cir.1987). The burden is on the applicant to make full, candid and complete disclosure--bankruptcy courts regularly order disqualification of counsel and deny or disgorge compensation as a sanction for improper disclosure. See In re Maui 14k, Ltd., 133 B.R. 657 (Bankr.D.Haw.1991) (disgorging compensation based on attorney's failure to disclose prepetition connections with debtor and debtor's principal).
 
 
 4
 When Murphy was appointed by the bankruptcy court to serve as the Laxagues' special counsel, Murphy failed to disclose the nature or existence of his August 7, 1987 retainer agreement with Connolly. The bankruptcy court ordered Murphy to return the $25,000 retainer to Connolly. On appeal, Murphy argues that he was not required to disclose the terms of the August 7 agreement because the agreement, nominally between Murphy and Connolly, was not "part" of the Laxagues' Chapter 11 proceedings. Claiming that, prior to his October 19, 1987 appointment by the bankruptcy court as the Laxagues' special counsel, he worked exclusively for Connolly, Murphy asserts the August 7 agreement touched the Laxague estate at most indirectly or incidentally. Thus, Murphy contends that the bankruptcy court did not have "jurisdiction over the subject matter" of the August 7 agreement and had no power to order him to disgorge the $25,000 retainer.
 
 
 5
 We review independently the bankruptcy court's legal conclusions. In re Texscan Corporation, No. 90-15929, slip op. at 11912 (9th Cir. Oct. 5, 1992). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. Id. As the bankruptcy trial court is in the best position to resolve disputes about legal fees, the standard of review is whether the court abused its discretion. In re Film Ventures Int'l, Inc., 75 B.R. at 253.
 
 
 6
 The bankruptcy court correctly determined that the retainer agreement between Connolly and Murphy was connected to the Laxague bankruptcy proceedings and therefore, that Murphy violated the disclosure provisions of the Bankruptcy Code. Section 329(a) is not limited to fees for legal services paid directly by the debtor; verified disclosure is required with respect to all of an attorney's "connections with the debtor, creditors, [or] any other party in interest." Bankruptcy Rule 2014(a). The bankruptcy court explicitly held that Murphy had entered into the August 7, 1987 agreement with Connolly "for the specific purpose of financing certain claims which the [Laxagues] ostensibly held against the P.C.A." The court found that:
 
 
 7
 Mr. MURPHY, the draftsman of the document, structured this tripartite arrangement as a 'retainer agreement' between himself and Mr. CONNOLLY; i.e., the agreement identifies Mr. CONNOLLY as a 'client' of Mr. MURPHY. The text, however, clearly contemplates only representation of Mr. LAXAGUE, with Mr. CONNOLLY advancing $25,000 to Mr. MURPHY in connection with said representation.
 
 
 8
 The bankruptcy court noted that Murphy's declaration in support of his appointment as special counsel, filed with the court in March 1988, stated that he "had been paid a retainer of $25,000 by William Connolly to provide the [Laxagues] some legal impetus to help out the 'sheep case' moving to a conclusion" and that the "Connolly's impressed upon me that if hired by them, I must, in all respects, help Laxague's."
 
 
 9
 Based on Murphy's direct violation of 11 U.S.C. § 329(a) and Bankruptcy Rules 2014(a) and 2016(b), the bankruptcy court properly ordered Murphy to disgorge the $25,000 retainer. See In re Kero-Sun, Inc., 58 B.R. 770 (Bankr.D.Conn.1986) (ordering debtor's attorneys to forfeit undisclosed fees received from third party). As the bankruptcy court made an unchallenged finding that the Laxagues "had absolutely no legal or equitable interest in the money at any time" and determined that Murphy's representation failed to provide "any meaningful benefit" to either Connolly or the Laxagues, Section 329(b)(2) expressly authorized the bankruptcy court to award the disgorged retainer to Connolly rather than to the Laxague estate. 11 U.S.C. § 329(b)(2); see In re BOH! Ristorante, Inc., 99 B.R. 971, 973 (Bankr. 9th Cir.1989) (under § 329, the bankruptcy court has jurisdiction to order the return of funds, not property of the debtor's estate, to any entity who paid them); In re Furniture Corp. of America, 34 B.R. 46 (Bankr.S.D.Fla.1983) ("s 329 is controlling in this case and it is clear from the provisions of that section that any payment made to an attorney representing a debtor in connection with a bankruptcy proceeding is reviewable by the court notwithstanding the source of payment and that the source of payment is relevant only with respect to who will get the return of excess payment").[1] Finally, apart from Murphy's failure to comply with the requirements of 11 U.S.C. § 329 and Bankruptcy Rules 2014 and 2016, the actual conflict of interest inherent in Murphy's role as the Laxagues' special counsel independently provides sufficient support for the bankruptcy court's decision.[2] See 11 U.S.C. § 327.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It should be noted that Murphy does not raise the specific issue of to whom he permissibly may be ordered to disgorge the retainer. Murphy's appeal exclusively centers on his contention that the bankruptcy court had no authority to compel him to return the $25,000 to either Connolly or the Laxague estate
 
 
 [2]
 Murphy second claim--that the bankruptcy court's conclusion that Murphy was not a "disinterested party" under 11 U.S.C. § 101(13)(E) was "inappropriate"--also relies on his assertion that his August 7 agreement with Connolly was not connected with the Laxague estate and thus is similarly without merit