986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re John Allen VANN, Debtor.
Andrew L. QUIAT, Esq. and the Law Offices of Andrew L.
Quiat, a Professional Corporation, Appellants,
v.
Andrea S. BERGER, Chapter 7 Bankruptcy Trustee, Appellee.
 No. 92-1062.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before PAUL KELLY, Jr. and BARRETT, Circuit Judges, and OWEN, District Judge.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Appellant contests the bankruptcy court's order that he disgorge all fees tendered to him for his representation of debtor John Vann. Our jurisdiction arises under 28 U.S.C. § 158(d) and we affirm.
 
 Background
 
 2
 Mr. Vann filed his petition in bankruptcy on September 2, 1988, with the assistance of attorney Nancy Miller. Only one day prior, he and his wife, Jill Vann, had filed for separation. In March 1989, Andrew Quiat, an attorney and acquaintance of the Vanns, was retained to advise Jill Vann concerning the effect of the bankruptcy on her interest in the separation, though the Vanns eventually reconciled. Later, Mr. Vann hired Mr. Quiat to assist in the adversary proceedings ongoing in his bankruptcy. Mr. Quiat disclosed the potential for certain conflicts in his representation in "Waiver Letters" to the Vanns, but believed that the Vann's common goal of preserving Mr. Vann's assets as against the creditors allowed him to represent Mr. VAnn.
 
 
 3
 Mr. Quiat also discussed potential conflict with the Vanns in relation to a business in which John Vann and Andrew Quiat were limited partners, Mid-Continent Management Group. Paul Fairchild, listed as a creditor in Vann's bankruptcy proceeding, was also a limited partner. The general partner of Mid-Continent was Stapo, Inc., a general partnership in which Vann and Quiat were both partners.
 
 
 4
 Shortly after Mr. Quiat entered his appearance on behalf of Mr. Vann on June 5, 1989, settlement negotiations, which had apparently been near completion, were set back. Mr. Quiat continued to represent Mr. Vann until April 1990, when he withdrew after being named as a witness in litigation by the trustee concerning Vann's transfer of interest in Mid-Continent. Finally, with new counsel, Vann entered into a settlement agreement with his creditors in June 1990.
 
 
 5
 The bankruptcy court ordered Mr. Quiat to file a statement of compensation. Objections to these fees were filed by Vann's creditors and by the trustee. After a hearing, the bankruptcy court ordered Mr. Quiat to return all fees paid to him by Mr. Vann for four independent reasons: (1) impermissible conflicts of interest existed in Mr. Quiat's representation which, as a matter of law, required disgorgement of all fees, (2) services rendered by Mr. Quiat were of no value to the debtor, (3) Mr. Quiat had failed to timely advise the court of payments received in violation of bankruptcy rules, and (4) disclosure statements submitted by Mr. Quiat were insufficient and, as a result, the court could not determine the reasonableness of the fees claimed. The district court affirmed the order of the bankruptcy court and Quiat now appeals.
 
 Discussion
 
 6
 We review the bankruptcy court's legal conclusions de novo and findings of fact under a clearly erroneous standard. In re Ruti-Sweetwater, Inc. (Heins v. Ruti-Sweetwater, Inc.), 836 F.2d 1263, 1267 (10th Cir.1988). As the bankruptcy court is in the best position to resolve disputes about legal fees, we review the ultimate award of fees for abuse of discretion. In re Anderson (Anderson v. Anderson), 936 F.2d 199, 203 (5th Cir.1991).
 
 
 7
 The bankruptcy court examined the disclosure statements submitted by Mr. Quiat and concluded that they were "totally insufficient for [the bankruptcy court] to make a determination as to the reasonableness of the fees and costs." Aplt.App. at 48. The district court reviewed the same documents and agreed that "it is nearly impossible to determine how much time was charged for any particular activity." Aplt.App. at 19. After a review of the documentation submitted by Mr. Quiat, we find no error and conclude that the bankruptcy court did not abuse its discretion.
 
 
 8
 The bankruptcy court also cited Mr. Quiat's failure to comply with Bankruptcy Rule 2016(b), which requires a debtor's attorney to file a supplemental statement "within 15 days after any payment or agreement not previously disclosed." Bankr.R. 2016(b). Mr. Quiat voluntarily filed his first disclosure in July 1989. After the bankruptcy court ordered Mr. Quiat to file a statement, several payments from Vann subsequent to the first statement but not previously reported to the court were revealed. The rule requires that the initial disclosure be supplemented within fifteen days of "any payment ... not previously disclosed." Clearly, failure to comply with the Bankruptcy Rules may justify a bankruptcy court's denial of attorney fees. Anderson, 936 F.2d at 204; In re Maui 14K, Ltd., 133 B.R. 657, 661 (Bankr.D.Haw.1991); In re Crimson Inv., N.V., 109 B.R. 397, 401 (Bankr.D.Ariz.1989).
 
 
 9
 Because we find that these grounds support the order of the bankruptcy court, we need not reach the effect of ostensible ethical violations or the value to the debtor of Mr. Quiat's services. The failure of Quiat to comply with Bankruptcy Rules, compounded by wholly inadequate disclosure statements, warranted the action of the bankruptcy court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Richard Owen, Senior United States District Judge for the Southern District of New York, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3