John F. ARENS

v.

Al BOUGHTON, Trustee, et al.

No. 93–0429.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 5, 1993.

John F. Arens, Arens Law Firm, Fayetteville, AR, pro se.

E. Lamar Pettus, Fayetteville, AR, for appellant John F. Arens.

T. Brett Brunson, Luster Conine & Brunson, Natchitoches, LA, for appellee Al Boughton, Trustee.

Robert L. Royer, Alexandria, LA, for appellees John T. Batten, Jr., Daisy M. Prudhomme, and Kathleen Prudhomme Batten.

Kenneth David McCoy, Jr., McCoy Hawthorne & Roberts, Natchitoches, LA, for appellee Farm Credit Bank of Texas.

Fran H. Strange, U.S. Trustee's Office, Shreveport, LA, for appellees Victoria E. Young, U.S. Bankruptcy Trustee, and William E. O'Connor, Asst. U.S. Bankruptcy Trustee.

## DECISION

LITTLE, District Judge.

John F. Arens appeals the judgment of the United States Bankruptcy Court ordering disgorgement of a $75,000 attorneys' fees retainer paid to Arens by the debtors, Daisy Prudhomme and Mr. and Mrs. John Batten. For the reasons that follow, this court affirms the bankruptcy court's directive.

### I.

In February 1990, the Battens and Miss Prudhomme (collectively, the "debtors")[1] consulted Arens regarding their unsuccessful attempts to pursue Chapter 12 bankruptcies and restructure a debt owed to the Farm Credit Bank of Texas ("FCB"). Arens agreed to represent the debtors in their travails, for a fixed retainer of $75,000 and 40 per cent of any recovery on a potential lender liability claim. The debtors paid Arens

---

1. Mrs. Batten and Miss Prudhomme are sisters. The Battens and Miss Prudhomme were partners in "Riverside Farms" and owned land mortgaged to the Farm Credit Bank of Texas.

$50,000 on 26 February 1990 and $25,000 on 27 February 1991.

On 30 July 1991, attorneys employed by Arens[2] filed a Chapter 11 petition on behalf of Ms. Prudhomme and, on 15 October 1991, did likewise for the Battens. In seeking appointment as debtors' counsel before the Bankruptcy Court, these attorneys consistently stated that they represented no interest adverse to the debtors' estates and that they were "disinterested" within the meaning of the Bankruptcy Code. Statements of Financial Affairs filed in each bankruptcy disclosed the debtors' $25,000 payment to Arens, but did not disclose the earlier $50,000 payment. The contingency fee arrangement was described in the second amended disclosure statement in the Batten bankruptcy, but was never disclosed in connection with the Prudhomme bankruptcy.

This pattern of incomplete and dilatory disclosure was also played out in Arens' communications with the debtors. Arens made major decisions concerning the debtors' representation without their knowledge or consent. Meantime, Arens' bankruptcy attorneys permitted substantial rights of the debtors to lapse. In the end, Arens' representation of the debtors was completely ineffectual. The debtors' lender liability claim against FCB was ultimately dismissed, and Arens' attorneys withdrew their objections and permitted FCB to confirm a plan of reorganization for the debtors.

The question for decision is whether the Bankruptcy Court exceeded its authority in ordering disgorgement of the $75,000 retainer.

## II.

 A Chapter 11 bankruptcy debtor may not employ an attorney without prior approval of the Bankruptcy Court. 11 U.S.C. §§ 327(a), 1107(a) (1993). In applying for approval, debtors' proposed counsel must submit a verified statement setting forth his "connections with the debtor, creditors, or any other party in interest." Fed.

R.Bankr.P. 2014. Local Bankruptcy Rule 4.0(9) mandates that in addition to this statement, debtors' proposed counsel file a "supplemental schedule" which lists all payments made by the debtor to counsel or counsel's law firm within 18 months prior to filing the bankruptcy petition. Debtor's counsel who has received payment for services rendered "in contemplation of or in connection with" bankruptcy must also file a statement of attorneys' fees with the Bankruptcy Court within 15 days after the order for relief is entered. 11 U.S.C. § 329(a); Fed. R.Bankr.P. 2016(b). This statement must disclose the source and amount of any payments the attorney received during the year prior to filing the bankruptcy petition.

 The purpose of these rather onerous disclosure requirements is to facilitate the bankruptcy court's review of debtors' transactions with their attorneys, in recognition of "the temptation of a failing debtor to deal too liberally with his property in employing counsel to protect him." *In re Wood & Henderson,* 210 U.S. 246, 253, 28 S.Ct. 621, 624, 52 L.Ed. 1046 (1908); *see also* 2 Collier on Bankruptcy ¶ 329.01 (Lawrence P. King ed., 15th ed. 1992). It is the duty of debtor's counsel to aid this review by providing the bankruptcy court with all information necessary to make an adequate review of the relevant transactions. *In re Futuronics Corp.,* 655 F.2d 463 (2d Cir.1981). Absent compliance with the Bankruptcy Code and Rules, an attorney has no absolute right to compensation. *In re Anderson,* 936 F.2d 199, 204 (5th Cir.1991).

In this case, the attorneys were particularly lax in complying with the disclosure rules. In seeking appointment as debtors' counsel, debtors' bankruptcy attorneys consistently maintained that they represented no interest adverse to the debtors' estates. They failed to disclose the contingency fee arrangement—which could have led to their disqualification. *See In re Pierce,* 809 F.2d 1356, 1358–59 (8th Cir.1987). In connection with the Prudhomme bankruptcy, they simply

---

**2.** Arens was the sole proprietor of a professional corporation styled, at various times, "Arens & Alexander" and/or "The Arens Law Firm." At one time, Arens employed nearly 30 attorneys. The fact that these attorneys were Arens' employees, rather than his associates or partners, does not diminish the professional obligations they, individually, owed the debtors. Because Arens retained ultimate decision-making authority over the debtors' cases, however, he remained ultimately responsible for their legal representation.

never filed a supplemental schedule pursuant to local rule 4.0—which would have disclosed the entirety of the retainer payments.

As a court of equity, a bankruptcy court has broad discretion in awarding or denying attorneys' fees. *In re Lawler*, 807 F.2d 1207, 1211 (5th Cir.1987). Failure to comply with disclosure rules has often warranted the denial of compensation to debtors' counsel. *In re Anderson*, 936 F.2d at 204; *see also In re Arlan's Dep't Stores, Inc.*, 615 F.2d 925, 935 (2d Cir.1979). The bankruptcy court in the instant case found that the $75,000 retainer was paid to Arens in order to facilitate representation of the debtors in bankruptcy and that the reasonable value of Arens' legal services was zero. Applying the relevant standard of review, this court concludes that the bankruptcy court's findings were not clearly erroneous. *See Carefree Ranch, Inc. v. Lenard (In re Lenard)*, 849 F.2d 974, 976–77 (5th Cir.1988); Fed. R.Bankr.P. 8013. Thus, the bankruptcy court did not abuse its discretion in ordering disgorgement of the attorneys' fees retainer. *See In re Anderson*, 936 F.2d at 204–05.

The judgment of the Bankruptcy Court is AFFIRMED.