**In the Matter of SEATRAIN LINES, INC., Debtor.**

**Bankruptcy No. 80 B 10311.**

United States Bankruptcy Court, S. D. New York.

Nov. 27, 1981.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for Creditors' Committee.

Stroock & Stroock & Lavan, New York City, for debtor.

Harold Jones, New York City, office of U. S. trustee.

Barry J. Schwartz, New York City, for Securities and Exchange Com'n.

### DECISION ON APPLICATION TO EMPLOY SECRETARY TO CREDITORS' COMMITTEE

EDWARD J. RYAN, Bankruptcy Judge.

On February 11, 1981, an involuntary petition under Chapter 11 of the Bankruptcy Code was filed against Seatrain Lines, Inc. ("Seatrain"), and, on that same day, the debtor consented to the entry of an order for relief. The Creditors' Committee was appointed by the United States Trustee (the "U. S. Trustee") pursuant to Section 151102 of the Bankruptcy Code on February 20, 1981.

On or about October 28, 1981, Bornstein Associates ("Bornstein") filed an application and proposed order on its own behalf to be retained as secretary to the Creditors' Committee. The Securities and Exchange Commission (the "Commission")[1] and the U. S. Trustee each filed objections to the Bornstein application contending, *inter alia*, that Bornstein lacked standing or authority to seek its own retention and that a *nunc pro tunc* retention as of February 20, 1981, was inappropriate.

---

7. *Wayne Creamery v. Clements*, 14 Mich.App. 50, 55; 165 N.W.2d 508 (1968).

1. The Commission has standing pursuant to 11 U.S.C. § 1109(a).

A hearing on the Bornstein application was held on November 5, 1981, at which time this court granted leave to the Creditors' Committee to file an application as the proper party seeking the retention of Bornstein as secretary to the Committee. The Committee subsequently filed such application;[2] however, the Commission continued to object to the retention, asserting that the Committee's application was unresponsive to the basic objection of *nunc pro tunc* retention.[3]

This court concurs with both the Commission and the U. S. Trustee to the extent that the inadvertence or oversight[4] of both Bornstein and the Committee in failing to submit an application prior to any of Bornstein's alleged activities as secretary to the Committee, does not constitute "excusable neglect"[5] sufficient to relieve the parties of the consequences of their inaction.

Therefore, the applications of Bornstein and the Committee seeking to retain Bornstein as secretary to the Committee *nunc pro tunc* as of February 20, 1981, are each denied.

It is so ordered.

2. The Committee's application was essentially identical to the Bornstein application.

3. The Commission also objected to the applications' failure to state specific facts that might demonstrate the necessity for the unusual relief requested.

4. The delay in seeking Bornstein's retention was allegedly caused by the attorneys' for the Creditors' Committee assumption that Bornstein would make the application and Bornstein's mistaken impression that the attorneys

for the Creditors' Committee had made and received court approval for such application.

5. The standards for "excusable neglect" within the meaning of Bankruptcy Rule 906(b) are higher than the reasons for the inaction alleged herein. *See, In re Breining,* 8 B.R. 17 (Bkrtcy. S.D.N.Y.1980); *In re Oakton Beach & Tennis Club Real Estate Limited Partnership,* 9 B.R. 201 (Bkrtcy.E.D.Wis.1981); *In re Gem Rail Corp.,* 12 B.R. 929 (Bkrtcy.E.D.Pa.1981).