### In re KING ELECTRIC COMPANY, INCORPORATED.

### Civ. A. No. 82–0063–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 14, 1982.

Bruce A. Clark, Jr., Marks, Stokes & Harrison, Hopewell, Va., for appellant.

John F. Ames, Richmond, Va., for appellee.

Francis P. Dicello, U. S. Trustee, Alexandria, Va., for amicus curiae.

## MEMORANDUM

WARRINER, District Judge.

On 22 April 1981, King Properties, Inc. filed a petition in bankruptcy under Chapter 11 of the United States Bankruptcy Code. The bankruptcy petition indicated that the firm of Marks, Stokes & Harrison would be counsel for King Properties, the debtor in possession. An application for employment of that firm was not filled with the Bankruptcy Court until 23 November 1981. The application requested that the Court enter an order *nunc pro tunc* authorizing employment as of 22 April 1981. On 2 December 1981, the Bankruptcy Court, without comment on the request for an order *nunc pro tunc*, entered an order authorizing the employment of the firm to represent the debtor in possession, but the representation was effective only as of 23

November 1981. On 18 December 1981, the Bankruptcy Court denied petitioner's motion for a hearing and reconsideration of the order, again giving no reason for its refusal to enter the order *nunc pro tunc.* Petitioner appeals this decision of the Bankruptcy Court.

On 19 February 1982, appellant filed his brief. The Creditors' Committee filed a brief in opposition on 2 March 1982. On 9 March 1982, the United States Trustee for the Eastern District of Virginia tendered a brief with a motion for leave to file the same *amicus curiae.* This brief is hereby FILED. With the filing of appellant's rebuttal brief on 11 March 1982, the matter became ripe for disposition.

Appellant phrases the question presented as follows:

Should counsel for the debtors in possession be denied employment for the period between the filing of the bankruptcy petition and the application for employment when the Bankruptcy Court has approved of counsel as fully meeting the requirements of employment, counsel has expended substantial effort both voluntary and Court ordered on behalf of the debtors in possession, all creditors were on notice that counsel was counsel for debtors in possession, correspondence from creditors, the United States Trustee, and the Court has addressed counsel as counsel for debtors, and all parties have otherwise been fully and completely on notice that counsel was counsel for debtors in possession?

Appellant argues that while Bankruptcy Rule 215(a) and Bankruptcy Code Section 327 (11 U.S.C. § 327)[1] state that an application for employment of professional persons to assist debtors in possession must be made to the Bankruptcy Court, the rule does not prohibit *nunc pro tunc* orders. Indeed, Rule 215(a) specifically permits the employment of an attorney "who has been employed" by the debtor. Because the Bankruptcy Court is vested with equity jurisdiction and powers, appellant argues, the Bankruptcy Court was in error in not exercising its equitable powers so as to prevent unjust enrichment by the parties to the bankruptcy proceeding who have received the fruits of counsel's labor. Counsel argues it is inequitable to fail to provide compensation to counsel for just, proper, and beneficial legal services when such is not prohibited. *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966).

Appellant does not deny that an application to employ professional persons must be filed by the debtor in possession. However, appellant argues that the purpose of the rule is to insure that there are no conflicts of interest and that the professional is oth-

1. Rule 215(a), Rules of Bankruptcy, states:

(a) Conditions of Employment of Attorneys and Accountants. No attorney or accountant for the trustee or receiver shall be employed except upon order of the court. The order shall be made only upon application of the trustee or receiver, stating the specific facts showing the necessity for such employment, the name of the attorney or accountant, the reasons for his selection, the professional services he is to render, and to the best of the applicant's knowledge all of the attorney's or accountant's connections with the bankrupt, the creditors or any other party in interest, and their respective attorneys and accountants. If the attorney or accountant represents or holds no interest adverse to the estate in the matters upon which he is to be engaged, and his employment is in the best interest of the estate, the court may authorize his employment. Notwithstanding the foregoing sentence, the court may authorize the employment of an attorney or accountant who has been employed by the bankrupt when such employment is in the best interest of the estate. The employment of any attorney or accountant shall be only for the purposes specified in the order, but the court may authorize a general retainer of an attorney when necessity therefor is shown.

Rule 215(a) provides the procedure for the employment of professional persons. The employment is authorized by 11 U.S.C. § 327(a):

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title [11 U.S.C. §§ 1 et seq.].

References in both the rule and the statute to a trustee are also applicable to a debtor in possession. 11 U.S.C. § 1107.

erwise an appropriate person to be employed by the debtor. This purpose was met here, appellant asserts, since the Bankruptcy Court has issued an order allowing the employment of counsel with the order indicating that counsel for the debtor is necessary, qualified, and has no interest adverse to the debtor in possession. Thus, appellant argues, no rational or legal barrier exists to stay the granting of relief and good reason and equity demand that relief be granted.

It is undisputed that counsel for appellant, prior to the effective date of employment, had expended substantial effort on behalf of the debtors in possession. Counsel had been ordered by the Bankruptcy Court to attend various hearings, meetings, and conferences. Numerous creditors had contacted counsel for information and the like. From the day that the petition was filed, all concerned, including the Bankruptcy Court, the Creditors' Committee, the United States Trustee, have to all appearances considered counsel to be in fact counsel for the debtors in possession. Thus, unless such is forbidden by the rules or by case law, this situation appears to be proper for an order *nunc pro tunc.*

The Creditors' Committee argues the inflexibility of the rule and states that a *nunc pro tunc* order should not be entered in the face of a rule which is clear and of which the attorneys are charged with knowledge. *In re Rogers-Pyatt Shellac Company,* 51 F.2d 988, 992 (2nd Cir. 1931).

In the *amicus* brief filed by the United States Trustee, the Trustee cites, Collier on Bankruptcy, § 327.02 (15th ed. 1981), to the effect that an attorney will be denied any compensation even for valuable services unless he acts with the approval of the Court. The text of Collier shows that this dictum is subject to question, and the writer goes further to state that "[u]nder certain circumstances... courts have permitted the use of *nunc pro tunc* orders to validate a previous failure to obtain the requisite

court approval and obviate an oversight which would otherwise result in unfair and inequitable consequences." The Trustee, nevertheless, cites a group of cases (of which more below) which he asserts support the refusal of the Bankruptcy Court to grant relief in this case. The Trustee does not dispute, indeed he agrees that counsel provided valuable services between the time of filing and the date of employment. But, argues the Trustee, the rule is rigid and exceptions should be made only upon a showing of good cause as to why the applications could not have been timely filed.[2]

Appellant argues in rebuttal that the cases cited by the Trustee are distinguishable on one or the other of two grounds: (1) the professional was a stranger to the proceeding and no interested party had notice; or (2) the professional rendered incompetent or unnecessary services. A review of the cases shows a third distinguishing factor in that in many of the cases the attorney failed ever to receive authorization to represent the debtor.

In *In re Byman Furniture & Interiors, Inc.,* 14 B.R. 230 (Bkrtcy.S.D.Tex.1981), the attorney did not perform competently and failed to receive authorization to represent the debtor. In *In re Cummins,* 8 B.R. 701 (Bkrtcy.C.D.Cal.1981), the court disallowed the commission of a real estate broker, stating, "If the property had been sold to a buyer that had been produced as a result of the efforts of the broker, there might have been some basis for equitable relief by way of approval of the broker's appointment *nunc pro tunc.*" In *In re Fiberglass Specialty Co.,* 12 B.R. 119 (Bkrtcy.D.Minn.1981), the court denied compensation to an examiner for services prior to his appointment. The reason given was that the examiner was a stranger to the proceeding.

In *In re Rogers-Pyatt Shellac Company,* 51 F.2d 988 (2nd Cir. 1931), relied on by the Creditors' Committee, the court denied compensation to attorneys who in obtaining appointment had inadvertently omitted infor-

---

**2.** The reason given by counsel for the debtor in possession is in the nature of "excusable neglect," *viz.,* simple oversight.

mation about their relationship to the bankrupt that should have been noted. If the omitted information had been known to the court, appointment would have been denied. The court held that it was improper to appoint counsel *nunc pro tunc* when such appointment could not have been made initially.

In *In re Laurent Watch Company*, 539 F.2d 1231 (9th Cir. 1976), an attorney in a bankruptcy proceeding applied for compensation for his services. The referee denied the compensation because there was no order appointing the attorney. The attorney then filed a motion for entry of such an order and that the order be entered *nunc pro tunc*. The district court affirmed the referee's denial on the grounds that a *nunc pro tunc* order is barred. The Court of Appeals reversed, holding that because the referee made the determinations required to be made in order to appoint an attorney before the performance of any of the services, a *nunc pro tunc* order is not forbidden.

In *Stolkin v. Nachman*, 472 F.2d 222 (7th Cir., 1973), the debtor objected to his attorney being paid on the grounds that the attorney had not obtained court approval. The attorney had overlooked this detail. The court upheld payment to the attorney, stating that if a petition for appointment had been prepared it would not have been subject to any challenge. The court stated that the main reason for requiring court approval of attorneys is to protect creditors; the creditors did not complain that a general retainer was unjustified or that the attorney did not perform valuable services.

An order of the Bankruptcy Court regarding attorneys' fees should not be disturbed on appeal absent an abuse of discretion. *Gochenour v. Cleveland Terminals Bldg. Co.*, 142 F.2d 991, 995 (6th Cir. 1944). A review of the case law supports appellant's argument that a *nunc pro tunc* order is not forbidden under the facts here presented. The Supreme Court has recognized the "overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Marin v. Bank of England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). The bankruptcy judge gave no reason for the denial of the order. Neither the Creditors' Committee nor the Trustee has shown any prejudice that would result from entry of the order. Indeed, no reason for withholding equity has been advanced by anyone other than that the application was not timely. Additionally, because the Bankruptcy Court has full control over the allowance of fees, there is here no chance of overreaching through unnecessary or improper activity of counsel either before or after formal employment. Considering these factors, especially the failure to disclose any reason therefor, the Court holds that the refusal to enter the order *nunc pro tunc* was an abuse of discretion. Accordingly, the order appealed from is VACATED and the action is remanded with directions to employ counsel *nunc pro tunc* on 22 April 1981.

And it is so ORDERED.