**In re Ronald Lee IBBETSON and Clara Jane Ibbetson, Debtors/Appellants,**

**v.**

**U.S. TRUSTEE, Appellee.**

**Bankruptcy Nos. 87–4191, 86–40289.**

United States District Court, D. Kansas.

May 23, 1989.

MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from an order of the bankruptcy court. The bankruptcy court denied full compensation to appellants' counsel because he failed to get an approval of employment at the beginning of the bankruptcy proceeding. The court has carefully reviewed the briefs of the parties and is now prepared to rule. Appellants have asked for oral argument, but we deem it unnecessary.

The appellants filed a Chapter 11 bankruptcy petition with the assistance of counsel on February 28, 1986. An application for employment of counsel was not filed at that time. On April 23, 1987, the bankruptcy court entered an order nunc pro tunc approving the employment of appellants' attorneys to February 28, 1986. Thereafter, on May 1, 1987, the United States Trustee sought reconsideration of that order and requested that employment be made effective from the date of the entry of the order rather than retroactive to February 28, 1986, because counsels' neglect precluded retroactive approval. On May 22, 1987, the bankruptcy court granted the Trustee's motion. Appellants' counsel then sought reconsideration of this order. On June 23, 1987, the bankruptcy court denied the motion for reconsideration. The bankruptcy court concluded that appellants' attorneys' argument that they were overworked and in turmoil did not constitute "extraordinary circumstances" such as would excuse them from compliance with the Bankruptcy Code's requirement of prior court approval of employment. This appeal followed.

Generally, in order to be compensated from the bankruptcy estate, an attorney representing a Chapter 11 debtor must be employed pursuant to an order of the court. 11 U.S.C. § 327(a); Bankr.R. 2014. Without the requisite court approval, there is no right to compensation. 2 *Collier on Bankruptcy*, ¶ 327.02 (15th ed. 1986).

The issues presented here are as follows: Can the bankruptcy court provide retroactive approval of appointment of counsel? If so, under what circumstances?

Some courts, relying on Judge Learned Hand's decision in *In re H.L. Stratton*, 51 F.2d 984 (2d Cir.1931), *cert. denied*, 284 U.S. 682, 52 S.Ct. 199, 76 L.Ed. 576 (1931), have taken a rigid stance and

held that a court is without power to retroactively approve employment of counsel. *See e.g., In re Liddell,* 46 B.R. 682 (Bankr. E.D.Cal.1985); *In re Mork,* 19 B.R. 947 (Bankr.D.Minn.1982). Most courts, however, have concluded that the bankruptcy court does have equitable power to authorize retroactive employment of counsel through the use of nunc pro tunc orders. *See, e.g.,* Annot., Bankruptcy Court Approval of Trustee's Employment of Professional Persons, Under 11 USCS § 327(a), 66 A.L.R.Fed. 250, 257 (1984). These courts have differed on the standard to be applied to determine when retroactive employment should be allowed. One line of cases suggests that retroactive employment should be allowed where counsel rendered valuable services to the debtor and would have been approved at the outset but for the unintentional and inadvertent failure to seek approval. *See, e.g., Stolkin v. Nachman,* 472 F.2d 222 (7th Cir.1973); *In re King Electric Co.,* 19 B.R. 660 (E.D.Va. 1982). Another line of cases holds that counsel must demonstrate "exceptional circumstances" to gain retroactive approval and that such circumstances include inadvertence or oversight by counsel. *See, e.g., In re Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983). Finally, another line of cases agrees that "exceptional circumstances" must be demonstrated for retroactive approval but that mere inadvertence or neglect by counsel does not constitute such circumstances. *See, e.g., In re Arkansas Co., Inc.,* 798 F.2d 645 (3d Cir.1986).

This court has carefully reviewed the arguments of the parties and the many cases which have considered this issue. Based upon that review, we believe that the Third Circuit's decision in *In re Arkansas Co., Inc., supra,* sets forth the proper standards. There, the court stated its decision and rationale as follows:

We thus hold that *nunc pro tunc* approval should be limited to cases where extraordinary circumstances are present. Otherwise the bankruptcy court may be overly inclined to grant such approval influenced by claims of hardship due to work already performed. In this respect we part company with those courts that

have suggested that inadvertence or oversight of counsel may constitute excusable neglect sufficient to relieve the parties of the consequences of their inaction. *See In re King Electric Co., Inc.,* 19 B.R. 660 (E.D.Va.1982); *see also In re Triangle Chemicals, Inc.,* 697 F.2d at 1289. We agree instead with the approach of those courts that limit the grant of retroactive approval to cases where prior approval would have been appropriate and the delay in seeking approval was due to hardship beyond the professional's control. *See In re Brown,* 40 B.R. 728, 731 (Bankr.D.Conn.1984); *In re Seatrain Lines, Inc.,* 15 B.R. 583, 584 (Bankr.S.D.N.Y.1981). While this may seem to be a harsh rule, a more lenient approach would reward laxity by counsel and might encourage circumvention of the statutory requirement.

To summarize, we hold that retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances. Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application. When considering an application, the bankruptcy court may grant retroactive approval only if it finds, after a hearing, that it would have granted prior approval, which entails a determination that the applicant satisfied the statutory requirements of 11 U.S.C. §§ 327(a) and 1103(a) that the applicant be disinterested and not have an adverse interest, and that the services performed were necessary under the circumstances. Thereafter, in exercising its discretion, the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval

had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Id.,* at 649–50.

Thus, in *In re Arkansas,* the Third Circuit held that "bankruptcy courts may in extraordinary circumstances grant retroactive approval of professional employment." *Id.,* at 646. The court adopted a two-part test to determine when retroactive approval should be allowed: first, the bankruptcy court must find, after a hearing, that the applicant satisfies the disinterestedness requirements of 11 U.S.C. § 327(a) and would therefore have been appointed initially; and, second, the court must, in the exercise of its discretion, determine that the particular circumstances presented are so extraordinary as to warrant retroactive approval. *Id.,* at 650.

The court has no problem in concluding that counsel would satisfy the first part of the test articulated in *In re Arkansas.* The significant issue here is whether counsel demonstrated extraordinary circumstances that would require the entry of a nunc pro tunc order granting retroactive approval.

 Counsel for appellants suggests that such extraordinary circumstances were present in the bankruptcy proceeding. He argues that the combination of the "farm financial crisis" and "other pressures" along with the necessity of relying on "inexperienced, underpaid, and overworked young associates for details not affecting the welfare of clients" and the "confusion surrounding the departure of the young associate handling the details of the case" constitute such extraordinary circumstances. We disagree. Counsel essentially argues that the failure to seek initial approval of employment was due to inadvertence and neglect. The court finds that such circumstances are not extraordinary. The bankruptcy court found that appellants' counsels' contentions showed only mere neglect which was insufficient to warrant retroactive approval. We agree and, therefore, hereby affirm the bankruptcy court's order.

IT IS SO ORDERED.