**In the Matter of DIESEL POWER INTERNATIONAL, INC., Debtor.**

**Bankruptcy No. 92–10635.**

United States Bankruptcy Court, E.D. Louisiana.

Dec. 11, 1996.

John T. Pender, Chapter 7 Trustee, New Orleans, LA.

Calvin Laiche, Westwego, LA, for Debtor.

## *REASONS FOR ORDER*

JERRY A. BROWN, Bankruptcy Judge.

This case presents the sole issue of whether exceptional circumstances exist to justify retroactive approval of professional employment in a bankruptcy case.

### I. *FACTS*

Applicant, Calvin J. Laiche ("Laiche"), as the attorney, filed for Chapter 11 relief on behalf of Diesel Power International, Inc. ("debtor") on February 12, 1992. (Pl. 1). An addendum to the list of twenty largest creditors shows Laiche was a creditor of the debtor and would probably have been one of the twenty largest creditors if he had billed the debtor for his legal services for the several years preceding the 1992 filing date. He estimated that the amount of his fees and expenses were about $5,000. (Pl. 1). Laiche did not attend the Section 341 meeting of creditors, did not file a proof of claim as a creditor and more importantly, for the question now before the court, did not file an application and affidavit to be employed as attorney for the debtor in possession. Laiche was, however, quite active in the Chapter 11 case. He filed a disclosure statement and a plan for the debtor. (Pl. 39 and 40). He opposed a major creditor's motion to convert to a Chapter 7 and a motion to lift stay. (*See* Pl. 35, 41, and 54).

On July 29, 1992, Laiche filed a motion to pay administrative expenses which asked that an accountant be paid $1,875 and that Laiche be paid $25,089. (Pl. 44). This motion was never set for argument or otherwise acted upon in the Chapter 11 proceedings.

On December 17, 1992, the court signed an order converting the case from a Chapter 11 to a Chapter 7. (Pl. 71). Laiche continued to represent the debtor after a trustee was appointed in the Chapter 7.

On July 11, 1996, the Chapter 7 trustee filed a motion to expunge Laiche's claim for attorney's fees of $25,089 as an administrative expense on the basis that no application for appointment of Laiche as attorney had ever been filed. (Pl. 111). This motion was set for hearing, but the hearing was continued. (Pl. 120).

On July 31, 1996 the trustee filed an application for authority to appoint attorney nunc pro tunc asking that Laiche be appointed as of February 12, 1992. (Pl. 119). At the same time Laiche filed the affidavit required by Section 327 of the Bankruptcy Code, 11 U.S.C. § 327. (Pl. 121). The court issued brief reasons for order and an order that held that no exceptional circumstances were shown by the application and affidavit for the retroactive order of appointment. (Pl. 122). The order set the matter for hearing to afford Laiche an opportunity to show whether exceptional circumstances existed. (*Id.*) At the hearing on September 4, 1996, the court held that sufficient cause had not been shown for the appointment of Laiche retroactively but gave Laiche additional time to file a brief. (Pl. 127). Laiche timely filed a memorandum in support of his request to be appointed nunc pro tunc. (Pl. 129).

### II. *ANALYSIS*

Section 327(a) of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in

carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Section 1107(b) provides:

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b).

■ The first Fifth Circuit case to consider retroactive appointment of an attorney for the debtor in possession in a Chapter 11 case is *In re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983). There the attorney for the debtor continued to perform substantial services after the filing of a Chapter 11 petition. The debtor's attorney, because of a misunderstanding of the law, had continued to act as attorney for the debtor in possession for seven months. No opposition had been filed to the attorney's fee application. At the hearing on the fee application, the bankruptcy judge noticed for the first time that there was no order appointing the attorney, and held that there must be such an order and that he was without authority to enter such an order nunc pro tunc.

The Fifth Circuit cited a great number of cases applying an inflexible per se rule prohibiting nunc pro tunc appointments. The court then cited the decisions indicating a more flexible approach. Recognizing that this was an issue of first impression in the Fifth Circuit, the court held that bankruptcy courts are not bound by a per se rule not to allow compensation for attorney services however valuable they are to the debtor's estate in the absence of prior court authorization of the employment. *Id.* at 1282. The court held that it would "... permit nunc pro tunc relief in exceptional circumstances, such as the present, under the bankruptcy court's exercise of its powers as a court in equity." *Id.* at 1282. In rejecting the per se inflexible rule, the Fifth Circuit stated:

In so holding, we decide only the narrow issue that a bankruptcy judge *does* have this discretion, rejecting the present trier's

determination that as a matter of law he could never exercise such discretionary power.... While equitable powers may permit nunc pro tunc appointment in rare or exceptional circumstances, we do not intend by our holding to encourage any general nonobservance of the contemplated preemployment court approval. We only hold that, where through oversight the attorney has neglected to obtain such prior approval but has continued to perform services for the debtor/debtor in possession (many of them as here under the eye of the court itself), the bankruptcy court retains equitable power in the exercise of its sound discretion, under exceptional circumstances, to grant such approval nunc pro tunc, upon proper showing, and to award compensation for all or part of the services performed by such attorney that have subsequently benefitted the debtor's estate and, consequently, its creditors. [Emphasis in original].

*In re Triangle Chemicals*, 697 F.2d at 1289. The Fifth Circuit remanded the case for the bankruptcy judge to decide whether such exceptional circumstances existed to justify the awarding of fees in the absence of a prior order appointing the attorney.

Fifth Circuit cases subsequent to *Triangle Chemicals* have followed the exceptional circumstances standard. The case of *In re Consolidated Bancshares, Inc.*, 785 F.2d 1249 (5th Cir.1986) denied nunc pro tunc approval of attorneys' fees for services in a derivative stockholder suit in state court that was subsequently removed to bankruptcy court. Citing *Triangle Chemicals* as authority that approval will be required in advance of employment and only after the showing now required by statute, the Fifth Circuit said: "We see no reason to modify this rule". *In re Consolidated Bancshares, Inc.*, 785 F.2d at 1254.

The case of *In re Anderson*, 936 F.2d 199 (5th Cir.1991), involved a voluntary conversion of a Chapter 7 case to Chapter 11. The bankruptcy court allowed a nunc pro tunc appointment of debtor's special counsel and granted him $82,500 of a requested fee of $318,830 for services most of which had been performed prior to conversion from Chapter

7. The attorney had violated 11 U.S.C. § 329 and Rule 2016 of the Federal Rules of Bankruptcy Procedure by failing to seek prior court approval or timely disclosing $10,000 in fees paid to him from funds of the debtor's estate. The Fifth Circuit stated that the bankruptcy court was one of equity and thus had broad discretionary powers to award attorney's fee and affirmed the award even though the court remarked at least twice that it would likely have affirmed a total disallowance of fees had the bankruptcy court so held. *In re Anderson*, 936 F.2d at 204, 205. The reluctant affirmance by the Fifth circuit does not indicate to this court any departure from the *Triangle Chemicals* standard requiring a finding of exceptional circumstance to justify nunc pro tunc appointment of attorneys.

The court is aware of the case of *In re Inter Urban Broadcasting of St. Louis, Inc.*, 174 B.R. 441 (E.D.La.1994), where a district judge affirmed this bankruptcy court's granting of a nunc pro tunc appointment of a broker and approval of his commission. The district judge stated:

In *Matter of Briscoe Enterprises, Ltd., II*, [994 F.2d 1160, 1170 (5th Cir.1993)], a party asserted that no exceptional circumstances warranted the *nunc pro tunc* order, but the court approved the order without mentioning exceptional circumstances, stating that the bankruptcy court's discretionary powers were broad and that under the facts of the case there had been no abuse of discretion. 994 F.2d at 1170. While the discussions in *Anderson* and *Briscoe* do not negate exceptional circumstances as a factor to be considered, they do indicate that the phrase does not constitute a "test". The court's reference to "excusable neglect" is not an error of law.

*Inter Urban*, 174 B.R. at 448.

This court does not read either *Briscoe* or *Anderson* as rejecting "exceptional circumstances" and adopting "excusable neglect" as the test for nunc pro tunc appointments of attorneys.

The Third Circuit in the case of *In re Arkansas Co.*, 798 F.2d 645 (3rd Cir.1986), relied upon the reasoning of *Triangle Chemicals*. In *Arkansas Co.*, a creditor's commit-

tee, through its own oversight, had failed to file an application and affidavit for appointment of an attorney until some 13 months after the filing of the Chapter 11. The court held that the bankruptcy courts have power to authorize retroactive employment of counsel, but rejected the argument that:

complete and thorough post-application review may substitute for prior approval in most cases. This approach would render meaningless the structure of the Bankruptcy Code and Rules which contain provisions requiring *both* prior approval of employment *and* after the fact approval of compensation. [Emphasis in original].

*In re Arkansas Co., Inc.*, 798 F.2d at 649. The Third Circuit went on to state:

We thus hold that *nunc pro tunc* approval should be limited to cases where extraordinary circumstances are present. Otherwise the bankruptcy court may be overly inclined to grant such approval influenced by claims of hardship due to work already performed. In this respect we part company with those courts that have suggested that inadvertence or oversight of counsel may constitute excusable neglect sufficient to relieve the parties of the consequences of their inaction. [citations omitted]. We agree instead with the approach of those courts that limit the grant of retroactive approval to cases where prior approval would have been appropriate and the delay in seeking approval was due to hardship beyond the professional's control. [citations omitted].

*In re Arkansas, Co., Inc.*, 798 F.2d at 649–50.

In determining whether extraordinary circumstances exist, the court said:

This will require consideration of factors such as whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will

prejudice innocent third parties; and other relevant factors.

*In re Arkansas, Co., Inc.,* 798 F.2d at 650.

In the case of *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99 (3rd Cir.1988), the Third Circuit applied the test above from *In re Arkansas* to an aircraft broker who had asked for a nunc pro tunc order of appointment. The court found that extraordinary circumstances did not exist in that case because the applicant was a sophisticated businessman whose lawyer was familiar with Section 327 of the Bankruptcy Code and there were no time pressures. The broker had negotiated over several months for a sale of some aircraft and did not petition the court for administrative expenses until a year after he had commenced his negotiations and some seven months after he had completed his services. The Third Circuit concluded that the extraordinary circumstances called for by the prior opinion *In re Arkansas* did not exist.

This court has concluded that it will apply the "exceptional circumstances" test from *Triangle Chemicals* as amplified by the Third Circuit's factors set forth In *In re Arkansas* where it applied the "extraordinary circumstances" test, and not just the "excusable neglect" test or standard previously used by this court and sustained by the district judge in *Inter Urban Broadcasting, supra* at 69.

■ Applying the factors from *In re Arkansas* to the facts of this case to determine whether the exceptional circumstances exist here, the court finds that such exceptional circumstances do not exist.

Laiche had the sole responsibility for filing the application. No particular time pressures were shown that required Laiche to begin his services without prior approval. The time delays after Laiche actually learned that initial approval had not been granted is not clear from the record. When Laiche filed the motion to pay administrative expenses on July 29, 1992, the Chapter 11 had been pending some 5½ months. He should have realized at that time that it was necessary to have court approval for him to act as the attorney for the debtor in possession.

Evidently that motion for payment of administrative fees lay dormant until the Chapter 7 trustee filed a motion to expunge Laiche's claim for administrative fees of $25,089 on July 11, 1996. Subsequently, on July 31, 1996, the Chapter 7 trustee filed the application to have Laiche appointed nunc pro tunc as of February 12, 1992 and Laiche filed the affidavit required by Section 327. The time delay factor does not militate in Laiche's favor. Finally, if the $25,089 compensation is granted, it will prejudice innocent third parties because the unsecured creditors in the Chapter 7 will probably receive nothing. The trustee's interim report of July 7, 1996 shows $25,085.34 as the total funds deposited in the trustee's bank account. (Pl. 118).

The cases cited by Laiche in his memorandum are not persuasive. The case of *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3rd Cir.1968) was evidently cited in the memorandum because Laiche did not hear or understand correctly the court's reference at the oral argument to the *In re Triangle Chemicals* case. *Hydrocarbon Chemicals* does not aid applicant's cause. It is a Third Circuit case under the Bankruptcy Act and antedates both *In re Arkansas* and *F/S Airlease,* the two Third Circuit cases discussed above. In addition, the court in *Hydrocarbon Chemicals* in the Chapter X case denied compensation to the attorneys for the debtor in a prior Chapter XI because they had not been appointed as required by General Order 44.

The case of *Stolkin v. Nachman,* 472 F.2d 222 (7th Cir.1973) was a Chapter XI case under the Bankruptcy Act. The debtor in possession raised on appeal for the first time, the right of attorney Nachman to receive a fee. Nachman had overlooked General Order 44 and a local court rule calling for appointment of counsel at the outset. All of the creditors were paid in full and the debtor was complaining on appeal for the first time about the award of attorney's fees without prior appointment. The bankruptcy judge had already authorized the fee and Nachman had been paid a $15,000 retainer and $150,-000 in interim fees, but there was still enough to pay all of the creditors. The Seventh Circuit simply held it was too late to

raise for the first time on appeal that there had not been a prior appointment of the attorney who had been paid the fees.

In the case of *In re Webster,* 132 B.R. 204 (D.Me.1991) a bankruptcy court granted nunc pro tunc approval for employment of a real estate broker. The district court affirmed in a very short opinion holding that prior opinions by the district court had required only that the applicant was not otherwise disqualified and the work was done for the benefit of the estate without anyone objecting. Application of this standard does not meet the requirements of *In re Triangle Chemicals.*

The case of *Ibbetson v. U.S. Trustee,* 100 B.R. 548 (D.Kan.1989) is a good opinion by a district judge reviewing the two lines of cases on retroactive approval of appointment of counsel by a bankruptcy judge. The *Ibbetson* court classified *Triangle Chemicals* as falling into the second class of cases—those allowing retroactive appointment if exceptional circumstances are shown. The *Ibbetson* opinion cites *Triangle Chemicals* as holding exceptional circumstances includes inadvertence or oversight of counsel, but concludes *In re Arkansas, supra,* holds that inadvertence or oversight were not exceptional circumstances. *Ibbetson,* 100 B.R. at 550. The *Ibbetson* court concluded that exceptional circumstances did not exist on the facts before it even though the applicant argued that a " 'farm financial crisis' and 'other pressures' along with the necessity of relying on 'inexperienced, underpaid, and over-worked young associates ...' and the 'confusion surrounding the departure of the young associate handling the details of the case' " all constituted the exceptional circumstances necessary. *Ibbetson,* 100 B.R. at 551. The district court agreed and affirmed the bankruptcy court's order denying retroactive appointment.

Finally, *In re King Electric Co.,* 19 B.R. 660 (E.D.Va.1982), which Laiche relies on greatly, offers little assistance to his position. This was a short opinion in which the district court reversed the bankruptcy judge who gave no reasons for his denial of the request for a nunc pro tunc order.

The balance of applicant's brief details the valuable nature of the services he rendered in the Chapter 11 and calls upon the court to grant equitable relief for his investment of time and expenses. As pointed out in *F/S Airlease,* in most cases in which nunc pro tunc approval has been sought, the applicant has performed services of value and if the approval is denied there would be some unjust enrichment. *F/S Airlease,* 844 F.2d at 108. The Third Circuit added that this was an unavoidable consequence of the statutory requirement of prior approval but, quoting from *In re Mason,* 66 B.R. 297, 307 (Bankr. D.N.J.1986), stated that the

> fact that the applicant's services were beneficial to the debtor's estate is immaterial to this court's decision regarding *nunc pro tunc* approval.

*Id.*

Neither the memorandum nor the oral argument of Laiche explains why an application for approval was never filed until 1996. The court can only conclude that the failure was due to neglect or oversight. That is insufficient to constitute the "exceptional circumstances" required by the Fifth Circuit in the case of *In re Triangle Chemicals.* Because the court concludes that there were no exceptional circumstances to support the nunc pro tunc application, it need not reach the question of whether Laiche was a disinterested person eligible for appointment under Section 327.

The court denies the application for nunc pro tunc appointment of Laiche.