### In the Matter of LITTLE GREEK RESTAURANT, INC., Debtor.

#### Bankruptcy No. 94–13908.

United States Bankruptcy Court, E.D. Louisiana.

Dec. 11, 1996.

Barry H. Grodsky, New Orleans, LA, and Cris Jackson, New Orleans, LA, for Debtor.

## REASONS FOR ORDER

JERRY A. BROWN, Bankruptcy Judge.

The sole issue before the court is whether attorneys and an accountant for the debtor in possession should be retroactively appointed and compensation granted for their services without their having timely filed applications for employment.

## I. *FACTS*

On November 16, 1994, Barry H. Grodsky ("Grodsky"), an attorney with Shushan, Jackson & McPherson (the "law firm"), filed for Chapter 11 relief on behalf of Little Greek Restaurant, Inc. ("debtor"). Grodsky also filed the necessary list of creditors, schedules, and statements. He did not file an application and affidavit to be employed as attorney for the debtor but continued to represent the debtor throughout the Chapter 11. The record shows that his services consisted of filing schedules and statements, preparing and filing a motion to assume unexpired lease, an initial and an amended disclosure statement and plan, an immaterial modification of the first amended schedules, and other general services throughout the Chapter 11. Prior to a hearing on the disclosure statement, Grodsky withdrew the disclosure statement and plan because the debtor had received an offer to purchase the assets and wanted to file a plan of liquidation. (Pl. 59). Thereafter, Grodsky filed a motion for sale of property and motion to assign unexpired lease. (Pl. 60 and 61). After the motions for sale and to assign unexpired lease were granted (Pl. 68), Grodsky filed an application for compensation for professional services which fully detailed the services for which the attorneys seek to be compensated. (Pl. 70). The application, which is the sole and exclusive fee application for the attorneys, seeks $6,641.19 in fees and costs for the period of time from November 1994 through April 1996. (*Id.*)

The application was noticed for hearing on August 14, 1996. (Pl. 71). No objections were filed. The court has reviewed the application and finds that all of the services and costs incurred were for the benefit of the debtor in possession and that the court would have allowed the full amount requested by the attorneys had they filed and been approved as attorneys for the debtor in possession in accordance with Section 327 of the Bankruptcy Code, 11 U.S.C. § 327.

On August 15, 1996, Grodsky filed an amended application for compensation for professional services which recognized that no request for appointment as attorneys had been sought under Section 327 and requested appointment nunc pro tunc. (Pl. 77).

On August 5, 1996, the debtor in possession filed an application for compensation of professional services for Frank J. Oliveri, Jr.

("Oliveri"), the accountant. (Pl. 72). The application sought $6,175.00 in compensation for Oliveri's services from August 1994 to the date of the application. Although no time sheets are attached to the application, a letter is attached which sets forth in sufficient detail, the time spent and services rendered by Oliveri in bringing the books and records up to date to deal with the various tax problems that the debtor had (which provoked the seeking of the Chapter 11 relief), preparing and filing the monthly reports for the Chapter 11 debtor in possession, preparing and filing federal and state tax returns for several years, meeting with the tax authorities, and preparing projected income and expense information for the disclosure statement and plan of reorganization.

No objection was filed to Oliveri's fee application. It was initially set for hearing on August 14, 1996, but the debtor filed an amended application pointing out that no prior order had been sought employing Oliveri and that Oliveri should be employed on a nunc pro tunc basis. (Pl. 75). The court has reviewed the application and Oliveri's letter describing the services and would have approved the application but for the failure to obtain his prior appointment.

Both applications—that of the attorneys and the accountant—came on for hearing on September 11, 1996. The court refused to approve the applications because the professionals had not been appointed by the court in advance of rendering their services. (Pl. 79). The court ordered the filing of applications to be appointed nunc pro tunc and a memorandum in support.

Cris R. Jackson ("Jackson"), an attorney with Shushan, Jackson & McPherson, timely filed a memorandum on behalf of Oliveri (Pl. 80) and a memorandum on behalf of the law firm in support of its application for nunc pro tunc appointment which includes an affidavit by Grodsky as an exhibit. (Pl. 81). Jackson also submitted a letter pointing out that although no motion for employment had been filed, the amended applications of the law firm and the accountant had requested that they be approved on a nunc pro tunc basis but that separate nunc pro tunc applications would be filed if the court requested. (Pl. 82).

The court finds that the amended applications constitute a sufficient request for nunc pro tunc appointment. Upon considering the amended applications, the memoranda, the affidavit, and the applicable law, the court denies the attorneys' application and grants the accountant's application.

## II. ANALYSIS

Section 327(a) of the Bankruptcy Code provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Section 1107(b) provides:

> (b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

11 U.S.C. § 1107(b).

The court has on this date released an opinion in the case of *In re Diesel Power International, Inc.*, 205 B.R. 66 (Bankr. E.D.La.1996), which discusses the Fifth Circuit opinion of *In re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983), and later Fifth Circuit opinions. In the *Triangle Chemicals* case, the Fifth Circuit rejected a per se inflexible rule that bankruptcy judges had no discretion to award compensation in those cases in which there was no prior approval of a professional under Section 327. The Fifth Circuit set down the basic rule that the bankruptcy courts retain equitable powers, in the exercise of their sound discretion, under exceptional circumstances, to grant such approval nunc pro tunc. *In re Triangle Chemicals, Inc.*, 697 F.2d at 1289.

In the *In re Diesel Power International, Inc.* opinion, this court discussed and relied upon two Third Circuit opinions that followed the reasoning of *Triangle Chemicals.* The decisions of *In re Arkansas Co.,* 798 F.2d 645 (3rd Cir.1986) and *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99 (3rd Cir.1988) offer guidelines to be applied by bankruptcy courts to determine whether the exceptional circumstances required by *Triangle Chemicals* exist. The *Arkansas Co.* case set forth the following factors:

> This will require consideration of factors such as whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*In re Arkansas Co.,* 798 F.2d at 650.

Applying the above factors to the two pending applications convinces the court that exceptional circumstances exist as to one application but not as to the other.

### 1. *Employment of the attorneys.*

#### a. *Responsibility for application.*

 The law firm had the responsibility of applying for approval as attorney for the debtor. Grodsky's affidavit does not explain why the required prior approval was not sought except to say it was "innocently overlooked" and that he is not that familiar with Chapter 11 proceedings. The memorandum of the law firm ("memorandum") argues that the filing of the Rule 2016(b)[1] statement, the resolution of the Board of Directors of Little Greek Restaurant, Inc.[2], the disclosure statement, and the amended disclosure statement, all make public disclosure of the legal representation of the debtor by the law firm. The memorandum argues that these filings were substantially equivalent to an application for

appointment of professionals under Section 327.

The law firm cites no authority to support this argument. The argument is contrary to the express language of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, which provides in pertinent part:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. . . .

Fed.R.Bank.P. 2014(a).

Grodsky, despite his affidavit stating his relatively limited experience with Chapter 11 cases, is a skilled bankruptcy lawyer. Both he and other members of his former law firm appear often in bankruptcy cases. They should have known that the debtor in possession had to file an application and verified statement to employ the firm as attorneys for the debtor in possession. The record shows they had the sole responsibility to do this. That it was "innocently overlooked" is not a factor in their favor in asking the court to find such "exceptional circumstances" for the court to exercise its discretion in favor of the nunc pro tunc appointment of the attorneys.

#### b. *Time pressures.*

Although Grodsky's affidavit sets forth in some detail the work he and his law partner, Rader Jackson, did for the debtor, neither the affidavit, the memorandum, nor the record herein show any extraordinary time pressures. For example, the Chapter 11 petition was filed November 16, 1994 (Pl. 1), the schedules and statements were filed December 1, 1994 (Pl. 6), and a motion to assume unexpired lease was filed December 28, 1994 (Pl. 8). A notice of amendment to statements and schedules was filed on January 13, 1995 (Pl.11), but there were no further filings by the debtor until March 14, 1995 when the debtor filed a motion to extend the exclusivity period. (Pl. 18). This does not show any

---

1. Rule 2016(b) of the Federal Rules of Bankruptcy Procedure requires that every attorney who represents a debtor file a statement disclosing whether the attorney has shared or agreed to share compensation with any other entity. A

copy of the 2016(b) statement is attached as Exhibit A to the memorandum.

2. Exhibit B to the memorandum.

extreme time pressures that mitigate the failure to file an application to have the attorneys appointed as professionals in the case.

### c. Amount of delay after applicant learned initial approval had not been granted.

The amended application for compensation for professional services (which asks for the nunc pro tunc appointment) was filed immediately after the U.S. Trustee's office pointed out to the law firm that prior approval had not been obtained. The record shows that there was a very short time lag—from August 5 to August 15, 1996—between the filing date of the initial application and the amended application, so this factor is in applicant's favor.

### d. Prejudice to innocent third parties.

The schedules show that the debtor had $4,520.40 in assets and $147,331.27 in liabilities, and a negative cash balance of $7,854.60 at the time of filing. (Pl. 11). The sale of assets under Section 363 produced $25,000.00. (Pl. 68). The creditors holding secured claims (the IRS and state taxing authorities) total $35,489.69, while the creditors holding unsecured priority claims total $31,258.03. It therefore appears that no money exists to pay the attorney's fees even if the fees were allowed as an administrative expense. If, however, the attorney's fees are allowed and paid, it would mean unsecured creditors who hold claims totaling $80,583.55 would get less or, more than likely, get nothing. Thus, prejudice to innocent third parties is present in this case with respect to the attorneys' fee application.

### e. Other relevant factors.

The court is unaware of any other relevant factors that should be considered in connection with the attorneys' fee application.

Balancing all of the factors, the court concludes that Grodsky and the law firm of Shushan, Jackson & McPherson have not shown the exceptional circumstances required by *Triangle Chemicals*. An order will be entered denying the amended application for compensation and for nunc pro tunc employment of attorneys.

### 2. Employment of the accountant.

#### a. Responsibility for application.

■ As already noted, the Bankruptcy Code and the Bankruptcy Rules require that the debtor in possession in a Chapter 11 file the application for employment of professionals. Grodsky and his then law firm filed all applications, motions, notices, or other pleadings on behalf of the debtor. Oliveri never filed anything, although he did sign all the monthly reports. There is no showing that Oliveri knew or should have known of the necessity for prior approval of his employment as a professional.

#### b. Time pressures.

The record is silent as to any time pressures imposed on Oliveri in this case.

#### c. Amount of delay after applicant learned initial approval had not been granted.

The record is silent as to the delay, if any, on Oliveri's part after he learned, if he ever did learn, of the necessity for an order appointing him as accountant for the debtor in possession and his actually seeking the appointment. An initial application for compensation for professional services was filed on his behalf by the attorneys on August 5, 1996. (Pl. 72). The amended application which sought his nunc pro tunc appointment was filed on August 15, 1996. (Pl. 75). Consequently, there were no delays once the application was finally filed.

#### d. Prejudice to innocent third parties.

The analysis for this factor is the same as that with respect to the attorneys, *see supra* at 8, because both Oliveri and the attorneys seek an award of compensation as administrative costs.

#### e. Other relevant factors.

There is however, another relevant factor that should be considered as to Oliveri. As emphasized by the memorandum in support of the application for nunc pro tunc appointment filed on Oliveri's behalf (Pl. 80), his entire practice involves nonbankruptcy related work. The court cannot remember having ever seen Oliveri involved in any other bankruptcy case. The court accepts the argument that Oliveri's lack of bankruptcy background and experience shows that he

was not familiar with the requirements of Section 327.

This court's opinion in *Diesel Power International Inc.*, discusses a number of cases involving nunc pro tunc appointment of attorneys, which cases are also cited in this opinion, *supra* at 5. A few other cases involving nunc pro tunc approval of professionals other than attorneys merit mention.

The case of *In re Briscoe Enterprises, Ltd. II*, 994 F.2d 1160 (5th Cir.1993), held it was within the broad equitable power of the bankruptcy court to approve the nunc pro tunc employment of an appraiser, an architect, and a marketing consultant in a Chapter 11 case. Although Judge Wisdom did not specifically say that the court was applying the exceptional circumstances test from *Triangle Chemicals*, the party objecting argued that no exceptional circumstances warranted the nunc pro tunc order. The Fifth Circuit held that the equitable discretionary powers of the bankruptcy court are broad and it had not abused its discretion—the test for review cited from *Triangle Chemicals*. *Briscoe*, 994 F.2d at 1170 n. 54. Judge Wisdom then carefully pointed out that the expenses for these professionals were incurred during a period when debtor's original counsel was forced to recuse itself as a result of a conflict and replacement counsel had not yet been retained.

The case of *In re El Paso Refinery, L.P.*, 155 B.R. 418 (Bankr.W.D.Tex.1993), *affirmed*, 37 F.3d 230 (5th Cir.1994), involved a nunc pro tunc appointment of an industry consultant objected to by the IRS. The consulting firm prepared and delivered to the attorneys for the Chapter 11 debtor the paperwork necessary for their application to be filed and relying on their understanding that the attorneys would file it,[3] performed the services. It was never filed. The bankruptcy judge, relying on *Triangle Chemicals, In re Anderson*, 936 F.2d 199 (5th Cir.1991), and the case of *In re MortgageAmerica Corp.*, 831 F.2d 97 (5th Cir.1991), seemed to apply a less rigorous test than exceptional circumstances by quoting from *MortgageAmerica*, 831 F.2d at 99:

... NUNC PRO TUNC orders are allowed in bankruptcy proceedings where the judge feels that the circumstances require it, as a result of a previous oversight or omission.

*In re El Paso Refinery, L.P.*, 155 B.R. at 421.

In addition, a judge in the Eastern District of Louisiana has held that a reference to "excusable neglect" by this bankruptcy court was not in error because *Anderson* and *Briscoe*, while not negating exceptional circumstances as a factor to be considered, indicate that it does not constitute a "test". *In re Inter Urban Broadcasting of St. Louis, Inc.*, 174 B.R. 441, 448 (E.D.La.1994).

Despite the seeming prior acceptance of a somewhat lesser standard or test than the exceptional circumstances test set forth in *Triangle Chemicals*, this court applies that test in this case, and will continue to apply it to requests for nunc pro tunc approval of employment of professionals until the Fifth Circuit sets out clearly some other test to be applied.

The court applies the same test—exceptional circumstances—to both the attorneys and the accountant, and finds that exceptional circumstances exist so as to allow nunc pro tunc employment of the accountant Oliveri as of the date of the filing of this Chapter 11 case. The court has reviewed Oliveri's statement for services and finds it to be in order. Before any order will be issued approving the Oliveri's fee, however, he must file the affidavit or certificate required by Section 327 and Local Bankruptcy Rule 20.17.

## III. *CONCLUSION*

These reasons should not be construed as creating a different rule for accountants and attorneys seeking employment as professionals in bankruptcy cases. Both, as well as all other professionals, are required by the Bankruptcy Code and local court rules to obtain prior approval by the court. The discretion employed by the court in this case permitting nunc pro tunc appointment of the

---

**3.** *See In re El Paso Refinery, LP*, 37 F.3d 230 (5th Cir.1994), affirming the denial of a motion by former counsel for relief from judgment based on counsel's disagreement with the wording of the opinion stating that counsel was at fault in not filing an application for appointment of the consultant.

accountant is limited to the particular facts of the case and should not be interpreted to countenance general nonobservance by accountants, or any other professionals, of the requirements for court approval prior to furnishing services.

An order in accordance with these reasons will be issued denying the amended application and nunc pro tunc appointment of the attorneys, and approving the amended application and nunc pro tunc employment of Oliveri. An order awarding the compensation sought by Oliver will not be entered unless and until the affidavit or certificate required by Section 327 and Local Rule 20.17 is filed.