## In re WICHITA RIVER OIL CORPORATION.

### Civil Action Nos. 97–1138, 97–1139.

United States District Court,
E.D. Louisiana.

Oct. 27, 1997.

Barry W. Miller, Attorney at Law, William Edward Steffes, Arthur Anthony Vingiello, Steffes & Macmurdo, Baton Rouge, LA, for appellants.

## *ORDER AND REASONS*

FALLON, District Judge.

Before the Court is an appeal from two final orders of the United States Bankruptcy Court, Eastern District of Louisiana, one issued on February 5, 1997, denying the Application to Employ Co-Counsel, *Nunc Pro Tunc,* filed by William E. Steffes and Steffes & Macmurdo, LLP (the "Employment Application"), and the other, entered February 25, 1997, denying the First Application for an Allowance of Fees and Expenses (the "Fee Application").

**I. BACKGROUND:** This appeal arises out of an involuntary Chapter 11 proceeding commenced against Wichita River Oil Corporation ("WRO") on April 17, 1996. Shortly thereafter, on May 6, 1996, WRO and its counsel, Barry W. Miller and P. Keith Daigle, retained Steffes and his law firm as co-counsel with respect to the bankruptcy proceedings. After entry of the order for relief on July 16, 1996, WRO indicated its intention that Miller, Daigle, Steffes, and Steffes' firm continue their representation of WRO. It was agreed that Miller would file the appropriate pleadings to secure court approval for the continued employment of counsel. Through oversight, Miller filed applications only for himself and Daigle. Steffes and his law firm discovered this mistake on January 16, 1997, shortly after filing the Fee Application.[1] Immediately thereafter, on January 22, 1997, Steffes and his firm filed a *nunc pro tunc* application for employment. Although no one opposed the application,[2] it was denied in open court on February 5, 1997. Denial of the Fee Application necessarily followed.

**II. ANALYSIS:** Appellants have appealed the Bankruptcy Court's decision, asserting that the Bankruptcy Court failed to apply the correct legal standard to *nunc pro tunc* applications for employment. Alternatively, appellants contend that the Bankruptcy Court abused its discretion by refusing to exercise its equitable power to grant *nunc pro tunc* applications.

A bankruptcy court's rulings on *nunc pro tunc* employment applications are reviewed for abuse of discretion. *See In re Briscoe Enterprises, Ltd., II,* 994 F.2d 1160, 1170 (5th Cir.1993). However, this Court reviews de novo the Bankruptcy Court's conclusions of law. *In re Inter Urban Broad-casting of St. Louis, Inc.,* 174 B.R. 441, 444 (E.D.La.1994).

The Bankruptcy Court denied the employment application "with regret." Although the Bankruptcy Court found that Steffes' efforts had benefited the debtor's estate, it considered this fact to be " 'immaterial' " under *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99, 108 (3d Cir.1988). *See* Transcript at 14 (quoting *Airlease,* 844 F.2d at 108). Citing to its prior decisions in *In re Diesel Power,* 205 B.R. 66 (Bankr.E.D.La.1996), and *In re Little Greek Restaurant, Inc.,* 205 B.R. 484 (Bankr.E.D.La.1996), the Bankruptcy Court concluded that the applicable standard to be applied was the "exceptional circumstances" test. *See* Transcript at 4–5. Like the Third Circuit in *Airlease* and *In re Arkansas Co., Inc.,* 798 F.2d 645 (3d Cir.1986), the Bankruptcy Court concluded that oversight does not "rise to the standard of exceptional circumstances." *See* Transcript at 14–15; *Airlease,* 844 F.2d at 106; *Arkansas,* 798 F.2d at 651; *Diesel Power,* 205 B.R. at 71. The appellants argue that this conclusion is inconsistent with the Fifth Circuit's holding in *In re Triangle Chemicals, Inc.*[3] that "where *through oversight* the attorney has *neglected* to obtain . . . prior approval but has continued to perform services for the debtor/debtor in possession . . ., the bankruptcy court retains equitable power, in the exercise of its sound discretion, under exceptional circumstances, to grant such approval nunc pro tunc." *Triangle,* 697 F.2d at 1289 (emphasis added). This Court agrees.

As the holding quoted above reflects, the *Triangle* court clearly provided that a bankruptcy court does have the equitable power to grant a *nunc pro tunc* application for employment "where *through oversight* the attorney has *neglected* to obtain . . . prior approval." *Triangle,* 697 F.2d at 1289 (emphasis added).[4] In contrast, the Third Cir-

---

**1.** It is clear from the record that all concerned, including the United States Trustee, had been operating under the assumption that approval had been granted for Steffes and his firm. Even the Bankruptcy Court's docket sheet listed Steffes as co-counsel for the Debtor.

**2.** Swiss Bank filed an objection that was restricted to payment of any allowed compensation out of cash collateral without further order of the court after notice and hearing. Steffes and his law firm agreed with Swiss Bank on this point.

**3.** 697 F.2d 1280, 1289 (5th Cir.1983).

**4.** In its subsequent decisions, the Fifth Circuit has consistently read *Triangle* as allowing for *nunc pro tunc* approval in cases of "oversight or omission." *See In re MortgageAmerica Corp. .,* 831 F.2d 97, 98–99 (5th Cir.1987); *In re*

cuit in *Arkansas* held that retroactive approval may be granted only where "the delay in seeking approval [is] due to hardship beyond the professional's control" and not upon "a mere showing of oversight." *Arkansas,* 798 F.2d at 650–51. Thus, despite the Fifth Circuit's caution that the bankruptcy court's broad power be used "in the exercise of its sound discretion" and "under exceptional circumstances," the Third Circuit expressly acknowledged that by setting down its "bright-line position"[5] (excluding all cases of oversight from the realm of possible retroactive approval), it was "part[ing] company" with the Fifth Circuit. *See Arkansas,* 798 F.2d at 649–50. Likewise, subsequent courts have readily recognized that, on the issue of whether retroactive approval may be granted in the case of oversight, *Arkansas* and *Triangle* are patently incongruous. *See, e.g., In re Jarvis,* 53 F.3d 416, 421 (1st Cir.1995); *In re Ibbetson v. U.S. Trustee,* 100 B.R. 548, 549 (D.Kan.1989).

█ It is evident from the Bankruptcy Court's oral reasons in this matter, particularly when read in conjunction with *Diesel Power* and *Little Greek Restaurant,* that the Bankruptcy Court considered itself to be without discretion to grant the appellants' application, denying it "with regret" and wishing the appellants success on appeal. It is further evident that the reason for the Bankruptcy Court's constricted view of its equitable powers flowed from its adherence to the "bright-line" rule of *Arkansas* and *Airlease,* which precludes *nunc pro tunc* approval in cases where the failure to obtain prior approval results from the inadvertence or oversight of counsel. Because *Triangle* controls in this District and because *Triangle* and *Arkansas* are inconsistent on this point, it was error for the Bankruptcy Court to bind itself under the Third Circuit's *per se* rule against retroactive approval in cases of oversight.

Therefore, for the foregoing reasons, the order of the Bankruptcy Court denying the appellants' application for employment of co-counsel is HEREBY VACATED as based

upon the Bankruptcy Court's perception that it had no discretion at law to enter a *nunc pro tunc* order approving the employment of an attorney "where *through oversight* the attorney has *neglected* to obtain ... prior approval."

IT IS FURTHER ORDERED that this matter is HEREBY REMANDED to the Bankruptcy Court, for it to determine in the exercise of its sound discretion whether to enter such an order and, if it does so determine, to award such compensation as within its sound discretion it deems appropriate.

---

Anderson, 936 F.2d 199, 204 (5th Cir.1991); *In re Briscoe Enterprises,* 994 F.2d 1160, 1170 (5th Cir.1993).

**5.** *See Airlease,* 844 F.2d at 109.